**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 15-cv-00168

AARON ROJAS;
EDGAR TEJADA;
IVAN PAREDES;
ULISES CISNEROS;
ADOLFO RIOS;
HUGO BUENA RODRIGUEZ; and those similarly situated.


       Plaintiffs,

v.

WESTCO FRAMERS, LLC
DUSTY GRAY
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
GROATHOUSE CONSTRUCTION, INC.

       Defendants.

---

# COMPLAINT

---

COMES NOW, the above named Plaintiffs with the following Complaint:

## I.      PRELIMINARY STATEMENT

1.     This case is about a group of construction laborers who worked tirelessly for Westco

Framers, LLC and were not paid at all for some of their work and were never paid overtime.

Most egregiously, some of their work was on the Sublette County Senior Center in Pinedale,

Wyoming, a public works project funded by Sublette County Wyoming. The named Plaintiffs

and many other similarly situated low-wage workers went unpaid on this multi-million dollar

project. Here, these workers simply seek to be paid for their work.

## II.   JURISDICTION, VENUE, AND PARTIES

2.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' related claims under Colorado and Wyoming law.

3.      Venue is proper pursuant to 28 U.S.C. § 1391. All Plaintiffs and some of the Defendants are located in Colorado and a substantial part of the acts and omissions that are the subject of this complaint occurred in the District of Colorado.

4.      At all times material to the allegations of the complaint, Plaintiffs AARON ROJAS; EDGAR TEJADA; IVAN PAREDES; ULISES CISNEROS; ADOLFO RIOS; HUGO BUENA RODRIGUEZ; (together, the "Laborers") were domiciled in the District of Colorado.

5.      The Laborers have each signed written consent to be a named Plaintiffs in a FLSA collective action and these signed consents are attached to this Complaint as Exhibit 1.

6.      At all times material to the allegations of the complaint, Defendant WESTCO BUILDING (hereinafter "WESTCO") and GROATHOUSE CONSTRUCTION, LLC (hereinafter "Groathouse") were Colorado limited liability companies with their principal places of business in the District of Colorado.

7.      At all times material to the allegations of the complaint, Defendant WESTCO FRAMERS, LLC (hereinafter "Westco") was a Colorado Limited Liability Company with its principal place of business in the District of Colorado. According to the Colorado Secretary of State's records, Westco may be served at 190 Bunyan Ave., 4C, Berthoud, CO 80513 through its registered agent, Westco Framers, LLC. Alternatively, Dusty Gray, Westco's owner, lives at 201 COMMON DR, BERTHOUD 80513 and Westco may be served through him.

8.      At all times material to the allegations of the complaint, Defendant Gray was domiciled

in the District of Colorado and was a member and agent of Westco. Mr. Gray is resides at 201

COMMON DR, BERTHOUD 80513 and works at 190 Bunyan Ave., 4C, Berthoud, CO 80513.

9.      At all times material to the allegations of the complaint, Defendant TRAVELERS

CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter "Travelers") was a

Connecticut Corporation registered to do business in the State of Colorado.  According to the

Colorado Secretary of State's records, Travelers may be served at 1560 Broadway, Denver, CO

80202, United States through its registered agent, Division of Insurance.

10.     At all times material to the allegations of the complaint, Defendant GROATHOUSE

CONSTRUCTION, INC. (hereinafter "Groathouse") was a Wyoming Corporation registered to

do business in the State of Colorado. According to the Colorado Secretary of State's records,

Groathouse may be served at 1008 Alexa Court, FORT COLLINS, CO 80526, United States

through its registered agent Kenneth E. Groathouse.

### III.      GENERAL ALLEGATIONS

11.     Westco is a construction company based in Berthoud, Colorado. According to Westco's

website, it specializes in "production framing for medium to large structures."

12.     Westco claims to have completed projects in Colorado, Wyoming, and Idaho.

13.     Westco entered into employment contracts with the Laborers and those similarly situated

(hereinafter the "Employment Contracts").

14.     Under the Employment Contracts, the Labors and those similarly situated were paid

hourly for providing construction services on various construction projects for which Westco

was a contractor or subcontractor.

15.     Defendant Gray is a member and agent of Defendant Westco and at all times controlled

when, where, and how the Laborers worked. On behalf of Westco, Defendant Gray entered into

the employment contracts with the Laborers those similarly situated, had the power to hire and fire them, controlled the terms of the Employment Contracts with Westco – *i.e.,* how much they worked and their rate of pay –, controlled their employment records, and controlled the finances and financial decisions of Westco.

16.     The Laborers and those similarly situated were not paid for all of the hours they worked under the employment contracts.

17.     Moreover, though the Laborers and those similarly situated frequently worked more than 40 hours in a week, they were never paid any overtime.

18.     On one particular public works project building a senior center for Sublette County, Wyoming in the city of Pinedale Wyoming (hereinafter the "Senior Center Project"), the Labors and those similarly situated were not paid at all for some of the hours they worked and were not paid any overtime for the hours they worked in excess of 40 in a week. Overtime is required under the Fair Labor Standards Act, 29 U.S.C. § 207 and Wyoming State Law, Wyo. Stat. § 16-6-110.

19.     The Laborers and those similarly situated worked on the Senior Center Project from sometime in or around October 2013 sometime in or around March 2014.

20.     On the Senior Center Project, the principal contractor was Groathouse and Westco was a subcontractor of Groathouse.

21.     Groathouse, through agents it placed at the jobsite, also maintained general control over the work of the Laborers and those similarly situated. Among other things, it controlled when the worksite opened and closed, controlled the construction schedule and workflow, indirectly controlled the work of the Laborers and those similarly situated through its contract with Westco, and on some occasions would directly control the work of the Laborers and those similarly

situated by, among other things, telling them to stop work on one aspect of the project and directing them to work on another aspect of the project.

22.     Groathouse executed a bond for the Senior Center Project with Defendant Travelers securing payment for those working on the Senior Center Project, including the Laborers and those similarly situated. Under the bond, Groathouse is named as the principal and Travelers is named as the surety.

## IV.     § 216(B) COLLECTIVE ACTION ALLEGATIONS

23.     The Laborers incorporate by reference all previous paragraphs of this Complaint as if fully re-written herein.

24.      The Laborers bring their FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated current and former employees of the Defendants.

25.     Pending any modifications necessitated by discovery, the Laborers preliminarily define the  "216(b) Class" as follows:

> ALL CURRENT AND FORMER HOURLY NON-EXEMPT
> EMPLOYEES OF WESTCO FRAMERS, LLC WHO WERE
> NOT COMPENSATED FOR ALL HOURS WORKED AND/OR
> WERE NOT PAID OVERTIME FOR HOURS WORKED IN
> EXCESS OF 40 IN A WEEK

26. Pending any modifications necessitated by discovery, the Laborers preliminarily define the "216(b) Sub-Class" as follows:

> ALL CURRENT AND FORMER HOURLY NON-EXEMPT
> EMPLOYEES OF WESTCO FRAMERS, LLC WHO WERE
> NOT COMPENSATED FOR ALL HOURS WORKED AND/OR
> WERE NOT PAID OVERTIME FOR HOURS WORKED IN
> EXCESS OF 40 IN A WEEK FOR WORK ON THE SENIOR
> CENTER PROJECT IN PINEDALE WYOMING

27. All potential FLSA Class Members are similarly situated because, among other things, they were all hourly employees of Defendants Westco and Gray and the members of the Sub-Class were additionally all employed by Defendant Groathouse. Moreover, all members of the Class and Sub-Class suffered from the same policies of Defendants, including: (1) failing to pay overtime premiums; (2) failing to compensate employees for all of the time they worked; and (3) failing to pay class members at least statutory minimum wage on each pay day as mandated by the FLSA.

## I. RULE 23 CLASS ALLEGATIONS

28. The Laborers incorporate by reference all previous paragraphs of this Complaint as if fully re-written herein.

29. The Laborers assert their Counts II-VII as Fed R. Civ P. 23 class action on their own behalf and on behalf of classes for which they seek certification.

30. Pending any modifications necessitated by discovery, the Laborers preliminarily define a class (the "Rule 23 Class") as follows:

> ALL CURRENT AND FORMER EMPLOYEES AND/OR
> LABORERS WHO WORKED WESTCO FRAMERS, LLC

31. Pending any modifications necessitated by discovery, the Laborers preliminarily define a sub-class (the "Rule 23 Colorado Sub-Class") as follows:

> CURRENT AND FORMER EMPLOYEES AND/OR
> LABORERS WHO WORKED FOR WESTCO FRAMERS, LLC
> ON PROJECTS IN COLORADO

32. Pending any modifications necessitated by discovery, the Laborers preliminarily define a sub-class (the "Rule 23 Senior Center Sub-Class") as follows:

> CURRENT AND FORMER EMPLOYEES AND/OR
> LABORERS WHO WORKED FOR WESTCO FRAMERS, LLC
> ON THE SENIOR CENTER PROJECT IN PINEDALE
> WYOMING

33.     The classes are so numerous that joinder of all potential class members is impracticable. The Laborers do not know the exact size of the classes since that information is within the control of Defendants. However the Plaintiffs estimate that well over 50 laborers have worked for Westco and were never paid overtime. The sub-classes make up a subset of these laborers. The exact size of the classes will be easily ascertainable from Defendants' records.

34.     There are questions of law or fact common to the classes that predominate over any individual issues that might exist. Common questions of law and fact include: the Defendants' pay practices; the Defendants' failure to pay employees for some of their work.

35.     The class claims asserted by the Laborers are typical of the claims of all of the potential Class Members because they experienced the same or similar working conditions and pay practices as the Defendants' other employees. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy. This is especially true in the case of low-wage construction workers, like the class members here, who are un-sophisticated, are unlikely to seek legal representation, cannot realistically navigate the legal system pro se, and whose small claims make it difficult to retain legal representation if they do seek it.

36.     The Laborers will fairly and adequately protect and represent the interests of the class. They were Defendants' employees and were victims of the same violations of law as the other class members, including numerous violations of federal and state wage and hour laws.

37.     The Laborers are represented by counsel experienced in litigation on behalf of low-wage workers and in wage and hour class actions.

38.     The prosecution of separate actions by the individual potential Class Members would create a risk of inconsistent or varying adjudications with respect to individual potential Class Members that would establish incompatible standards of conduct for Defendants.

39.     Each Class Member's claim is relatively small. Thus, the interest of potential Class Members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and that the pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

40.     The Laborers are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

41.     The Laborers are unaware of any pending litigation commenced by members of the Class concerning the instant controversy.

42.     It is desirable to concentrate this litigation in this forum because Westco's principal place of business is in this jurisdiction, Defendant Gray resides in this jurisdiction, and the employment contracts at issue were entered into in this jurisdiction.

43.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage claims to both class litigation and the use of representative testimony and representative documentary evidence.

44.     The contours of the class will be easily defined by reference to the payroll documents Defendants were legally required to create and maintain. 29 C.F.R. § 516 et seq.

### V.        COUNT I: BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA) 29 U.S.C. §§ 201 *ET SEQ* (The Laborers and the 216(b) classes against Defendants Groathouse, Westco, and Gray)

45.     The Laborers incorporate by reference all previous paragraphs of this Complaint.

46.     The Laborers brings their FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated current and former employees of the Defendants.

47.     Westco entered into the Employment Contracts with the Laborers and those similarly situated.

48.     Defendant Gray also employed the Laborers because Defendant Gray acted directly or indirectly in the interest of Westco in relation to the Laborers by, among other things, directly and indirectly controlling the work of the Laborers, having the power to hire and fire the Laborers, setting the terms and conditions of employment, and controlling the Laborers' employee files. Defendant Gray entered into the Employment Contracts on behalf of Westco, set the rate of pay under the Employment Contracts, and directly supervised and controlled the work of the Laborers on various jobsites.

49.     Defendant Groathouse also employed the Laborers because, through agents it placed at the jobsite, it maintained general control over the work of the Laborers and those similarly situated. Among other things, it controlled when the worksite opened and closed, controlled the construction schedule and workflow, indirectly controlled the work of the Laborers and those similarly situated through its contract with Westco, and on some occasions would directly control the work of the Laborers and those similarly situated by, among other things, telling them to stop work on one aspect of the project and directing them to work on another aspect of the project.

50.     By information and belief, based on the size of Defendants' operations and the number of employees they had working for them, the Defendants had annual revenues in excess of $500,000 during the Laborers' employment and had two or more employees that handled goods

or materials that had been moved in or produced for interstate commerce, including construction equipment and construction materials. The Defendants were therefore an enterprise and/or enterprises engaged in commerce pursuant to 29 U.S.C. § 203(s)(1).

51.     During their employment, the Laborers and those similarly situated were also engaged in commerce pursuant to 29 U.S.C. § 203(b) because they were domiciled and entered into service contracts in Colorado and then traveled between states to complete construction projects.

52.     As employers of the Laborers and those similarly situated, the Defendants named in this claim were required to pay the Laborers and those similarly situated minimum wage and overtime pursuant to 29 U.S.C. §§ 206, 207 and failed to do so.

53.     The failure to pay minimum wage and overtime was willful pursuant to 29 U.S.C. § 255(a) because the Defendants knew or showed reckless disregard for the fact the Laborers and those similarly situated were non-exempt employees covered by the FLSA and therefore entitled to minimum wage and overtime, because, among other reasons, the Defendants knew or should have known the Laborers and those similarly situated worked, knew or should have known they did not get paid for some or all of the hours they worked, and knew or should have known they worked in excess of 40 hours in a week and did not receive any overtime. Indeed, the Defendants are currently aware that the Laborers have not been paid at all for some of the hours they worked on the Senior Center Project.

54.     The Laborers and those similarly situated are therefore entitled to the following pursuant to 29 U.S.C. § 216: unpaid minimum wage and overtime, statutory liquidated damages, reasonable attorney's fees, and costs.

55.     As joint employers, Defendants Westco, Gray, and Groathouse are joint and severally for these damages liable to the Laborers and the 216(b) Sub-Class.

56.     As joint employers, Defendants Westco and Gray are joint and severally for these damages liable to the Laborers and the 216(b) Class.

## VI.     COUNT II: FOR UNPAID AMOUNTS FOR LABOR PURSUANT TO WYO. STAT. § 16-6-113
### (The Laborers and the Rule 23 Senior Center Sub-Class against Groathouse and Travelers)

57.     The Laborers incorporate by reference all previous paragraphs of this Complaint.

58.     The Laborers assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

59.     The Laborers performed labor on the Senior Center Project and were not paid for their work.

60.     Groathouse, as principal on the Senior Center Project, executed a bond or bonds for the Senior Center Project with Travelers acting as surety.

61.     Pursuant to Wyo. Stat. § 16-6-113, "[a]ny person entitled to the protection of a bond or other form of guarantee approved by the state or any political subdivision under W.S. 16-6-112, may maintain an action for the amount due him."

62.     Groathouse and Travelers are therefore liable to the Laborers and the Rule 23 Senior Center Sub-Class for their unpaid wages on the Senior Center Project, costs, statutory interest, unpaid wages, unpaid overtime pursuant to Wyo. Stat. § 16-6-110, and attorney's fees pursuant to Wyo. Stat. § 27-4-411 and other laws.

## VII.     COUNT III: FAILURE TO PAY PREVAILING WAGE PURSUANT TO WYO. STAT. § 27-4-401 *ET SEQ.*
### (The Laborers and the Rule 23 Senior Center Sub-Class against Westco)

63.     The Laborers incorporate by reference all previous paragraphs of their Complaint.

64.     The Laborers assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

65.     Pursuant to Wyo. Stat. § 27-4-403, all construction workers on public works projects in Wyoming must be paid the "prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed."

66.     Pursuant to Wyo. Stat. § 27-4-411, "[a]ny workman who shall be paid for his services a sum less than the stipulated rates for work done under the contract, shall have a right of action for whatever difference there may be between the amount so paid and the rates provided by the contract, and shall be entitled to a reasonable attorney fee if successful."

67.     The Laborers and those similarly situated worked for Westco on a public works project in Wyoming and were not paid *at all* for many of the hours they worked.

68.     As a result, the Laborers and the Rule 23 Senior Center Sub-Class are entitled to the unpaid prevailing wage for the hours they worked, costs, interest, and attorney's fees.

## VIII.     COUNT IV: WILLFUL WITHHOLDING OF WAGES PURSUANT TO C.R.S.  §§ 8-4-101 *ET SEQ*
### (The Laborers and the Rule 23 Colorado Sub-Class against Westco)

69.     The Laborers incorporate by reference all previous paragraphs of their Complaint.

70.     The Laborers assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

71.     Defendant Westco entered into the Employment Contracts with the Laborers and those similarly situated and controlled when, where, and how much the Laborers and those similarly situated worked under the Employment Contracts.

72.     The Laborers performed under the Employment Contracts, were not paid for their services, and remained unpaid after the Employment Contracts ended.

73.     Within 60 days of the Employment Contracts terminating, Plaintiffs TEJEDA and PAREDES, through their attorney, sent written demands to Westco Construction demanding unpaid wages and stating where the unpaid wages could be received.

74.     Westco did not respond to the demands by paying anything.

75.     Westco is therefore liable to the Laborers and the Rule 23 Colorado Sub-Class for unpaid

Colorado wages, reasonable attorney's fees, and costs.

76.     Additionally, Westco is liable to Plaintiffs TEJEDA and PAREDES for statutory

damages.

## IX.     COUNT V: BREACH OF FIDUCIARY DUTY AND CIVIL THEFT UNDER THE COLORADO TRUST FUND ACT C.R.S. §§ 38-22-127, 38-26-109, 18-4-401, 18-4-405 (The Laborers and the Rule 23 Colorado Sub-Class against Westco and Gray)

77.     The Laborers incorporate by reference all previous paragraphs of their Complaint.

78.     The Laborers assert this claim as an F.R.C.P. 23 class action on behalf of themselves and

all other similarly situated workers.

79.     Defendant Westco entered into the Employment Contracts with the Laborers and those

similarly situated.

80.     Westco entered into several contracts under which the Laborers and those similarly

situated were to perform construction services under the Employment Contracts on real property

in Colorado.

81.     Some of these contracts were for construction services on privately owned real property.

82.     Under the Employment Contracts, the Laborers and those similarly situated performed

construction services improving privately owned real properties located in Colorado. They were

not paid for their work.

83.     Upon information and belief, funds were disbursed to Westco as payment for labor

performed by the Laborers and those similarly situated on the improvements.

84.     At all times relevant to this Complaint, Defendant Gray was in complete control of the

finances and financial decisions of Defendant Westco because, among other reasons, as agent for

Westco he controlled Westco's contracts with the Laborers and, by information and belief based

on his communications with the Laborers, he negotiated and entered into the contracts for the Colorado projects the Laborers worked on.

85.     Upon information and belief, based on the length of time between some of the disbursals and the fact that the Laborers are still owed wages, Defendants Westco and Gray failed to use the funds disbursed for the work of the Laborers and those similarly situated to pay the Laborers and those similarly situated, failed to hold the disbursed funds in trust for the Laborers and those similarly situated, and intended to permanently deprive the Laborers and those similarly situated of the disbursed funds or used the disbursed funds in a manner practically certain to deprive the Laborers and those similarly situated of the disbursed funds.

86.     The Laborers and the Rule 23 Colorado Sub-Class are therefore entitled by statute to treble damages, costs, and attorney's fees

## X.     COUNT VI: FOR BREACH OF CONTRACT
### (The Laborers and the Rule 23 Class against Defendant Westco)

87.     The Laborers incorporate by reference all previous paragraphs of their Complaint.

88.     The Laborers assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

89.     The Laborers and those similarly situated entered into the Employment Contracts with Defendant Westco.

90.     The Laborers and those similarly situated performed under the contracts by performing construction services on the Senior Center Project and other projects and were not paid for all of the hours they worked.

91.     Moreover, the Employment Contracts incorporated statutory requirements to pay minimum wage and overtime.

92.    By failing to pay the Laborers and those similarly situated for all of the hours they worked and failing to pay overtime when required, Defendant Westco breached the Employment Contracts and the Laborers and those similarly situated suffered damages, including unpaid wages.

93.    The Laborers and the Rule 23 Class are therefore entitled to compensation for their damages.

## XI.    COUNT VII: QUASI CONTRACT
### (The Laborers and the Rule 23 Class against Defendant Westco)

94.    The Laborers incorporate by reference all previous paragraphs of their Complaint.

95.    The Laborers assert this claim as an F.R.C.P. 23 class action on behalf of themselves and all other similarly situated workers.

96.    Alternatively, if the Employment Contracts fail, the Laborers and those similarly situated are entitled to equitable relief against Defendant Westco for their unpaid labor under the doctrines of promissory estoppel, unjust enrichment, and/or *quantum meruit* because equity demands that the Laborers and those similarly situated be compensated for their justifiable reliance on Westco's promises to pay, that the Laborers and those similarly situated be compensated at the reasonable value of the services they provided to Westco, and that Westco be disgorged of its ill-gotten gains.

## XII.    DEMAND FOR JURY TRIAL

97.    The Laborers demand a jury for all issues so triable.

## XIII.    PRAYER FOR RELIEF

98.    The Laborers and those similarly situated respectfully request that this Court enter an order or orders:

a)      Certifying an opt-in class and sub-class pursuant to the FLSA, 29 U.S.C.

§§ 201 *et seq.*;

b)      Certifying the FRCP 23 class and sub-classes;

c)      granting judgment in favor of all Plaintiffs and against all Defendants;

d)      awarding the Plaintiffs and the FRCP 23 class their damages in contract or

quasi-contract;

e)      awarding the Plaintiffs and those similarly situated, unpaid minimum

wage and overtime (29 U.S.C. §§ 201 *et seq.*)

f)      awarding the Plaintiffs liquidated damages pursuant to the FLSA (29

U.S.C. §§ 201 *et seq*);

g)      awarding the Plaintiffs  and the class members damages under Colorado

and Wyoming statutes;

h)      awarding the Plaintiffs and those similarly situated their costs;

i)      awarding the Plaintiffs and those similarly situated their attorney's fees;

j)      awarding the Plaintiffs and those similarly situated prejudgment and post-

judgment interest, when allowable by law; and

k)      granting such other relief as this Court deems just and proper.


Dated: 1/23/2015

Respectfully Submitted,

s/Alexander Hood
Alexander Hood
Towards Justice
601 16th St., Suite C #207
Golden, CO 80401
Tel.: 720-239-2606

Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for the Plaintiffs

Plaintiffs' Address:
C/O Towards Justice
601 16th St., Suite C #207
Golden, CO 80401

# EXHIBIT 1

# FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME     _____

SIGNATURE _____

DATE     _____

# CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE _Adolfo Rios. A_

FIRMA _Adolfo Rios A_

FECHA _7/18/14_

# FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor

Standards Act. I hereby authorize my attorneys to represent me before any court or agency on

these claims, including filing a case where I am the party Plaintiff in a collective action pursuant

to 29 U.S.C. § 216.

NAME         _____

SIGNATURE _____

DATE         _____

# CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que

puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a

que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la

presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de

conformidad con 29 U.S.C. § 216.

NOMBRE     _Hugo Buena Rodriguez_

FIRMA      _Hugo_

FECHA      _10 / 18 / 14_

# FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME _Ivan Paredes_

SIGNATURE _____

DATE _3/9/14_

# CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE _____

FIRMA _____

FECHA _____

# FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME      _____

SIGNATURE _____

DATE      _____

# CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE    *Edgar Tejeda*

FIRMA    *[signature]*

FECHA    *03-09-14*

# FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME _____

SIGNATURE _____

DATE _____

# CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE _AARON ROJAS_

FIRMA _AARON ROJAS_

FECHA _9 - 06 - 14_

# FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME _Ulises Cisneros D_

SIGNATURE _Ulises C._

DATE _9-06-14_

# CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE _____

FIRMA _____

FECHA _____