**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 15-cv-00168-WJM-KLM

AARON ROJAS;
EDGAR TEJADA;
IVAN PAREDES;
ULISES CISNEROS;
ADOLFO RIOS;
HUGO BUENA RODRIGUEZ;
JESUS ENRIQUEZ REYES; and those similarly situated.

Plaintiffs,

v.

WESTCO FRAMERS, LLC
DUSTY GRAY
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
GROATHOUSE CONSTRUCTION, INC.

Defendants.

---

## CIVIL SCHEDULING ORDER FOR CLASS CERTIFICATION

---

This scheduling order is for the purposes of class certification only. The Court will hold a status conference following a final order on class certification to consider further scheduling.

### 1. DATE OF CONFERENCE

### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

**Date: 7/1/2015**

**Attorney for Plaintiffs:**

**Edward Siegel**
**Towards Justice**
**1535 High Street, Suite 300**

**Denver, CO 80218**
**Tel: (970) 343-4464**
**Fax: 303-957-2289**
**Email: ed@towardsjustice.org**

**Attorney for Defendants Westco and Gray:**

**Thomas Kranz**
**Jung & Kranz, P.C.**
**1434 Spruce Street, Suite 100**
**Boulder, CO 80302**
**Tel: (720) 943-1095**
**Fax: (720) 726-8001**
**Email: thomas@legalrealty.com**

**Attorney for Defendants Travelers and Groathouse:**

**Jodanna L. Haskins**
**White & Steele, P.C.**
**Dominion Towers, North Tower**
**600 17th Street, Suite 600N**
**Denver, Colorado 80202**
**Tel: (303) 296-2828**
**Fax: (303) 296-3131**
**Email: jhaskins@wsteele.com**

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related claims under state law.

Westco Defendants: The Court lacks supplemental jurisdiction over plaintiffs' Colorado state claims, because the same case or controversy (i.e., defendants alleged failure to pay plaintiffs at a Wyoming construction project) does not underlie

the Colorado state claims, which appear to be based on projects that plaintiffs cannot identify, let alone establish a sufficient commonality.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs:**

This case is about a group of construction laborers who worked tirelessly for Westco Framers, LLC and were not paid at all for some of their work and were never paid legally required overtime. Most egregiously, some of their work was on the Sublette County Senior Center in Pinedale, Wyoming, a public works project funded by Sublette County Wyoming. The named Plaintiffs and many other similarly situated low-wage workers went unpaid on this multi-million dollar project. Here, these workers simply seek to be paid for their work.

The Plaintiffs bring claims on behalf of themselves and those similarly situated for unpaid minimum wage and overtime under the FLSA; against the applicable public works bond; and under various applicable state laws.

**b. Defendants**

**Gray and Westco:**

Westco Defendants deny that plaintiffs were ever their employees, as opposed to independent contractors or sub-subcontractors, on any project, including the subject Senior Center Project in Sublette County, Wyoming. Even if they were employees, plaintiffs were not individually engaged in commerce or in the production of goods for commerce and, therefore, not covered by the FLSA. Similarly, Westco Defendants were not enterprises engaged in commerce or in the production of goods for

commerce and, therefore, not subject to the FLSA. Westco Defendants also paid plaintiffs appropriate compensation under state and federal laws.

Plaintiffs' alleged damages were caused by third persons or entities over whom Westco Defendants had no control or right to control, including, namely, co-defendant Groathouse who failed to comply with its payment obligations under the terms of its subcontract with Westco Framers. Plaintiffs' damages are further diminished by supplemental payments made by Westco Defendants, as well as plaintiffs' own breach of contract and/or negligence for providing defective work at the subject project. Finally, Westco Defendants' liability, if any, is limited by their inability to pay as a result of Groathouse's failure to pay Westco Framers for its work at the project under the terms of their subcontract.

Westco Framers may assert cross-claims against Groathouse for the latter's failure to comply with its payment obligations under its subcontract with Westco Framers. Westco Framers may also assert counterclaims against plaintiffs for their breach of contract and/or negligence for their defective work at the subject project.

**Groathouse and Travelers:**

At the onset, it is Defendants Groathouse and Traveler's position that while jurisdiction before this court is proper, venue is improper. In light of the facts of this case, Wyoming federal court is the proper venue. By way of brief summary, it is the position of Defendants Groathouse and Travelers that Groathouse is not an employer of Plaintiffs as these individuals were employees of Defendants Gray/Westco and, as a result, Groathouse cannot be liable for any alleged unpaid wages. Further, it is Defendants' position that Plaintiffs failed to abide by a

number of conditions precedent, including those required by the subject bond issued by Travelers and one or more Wyoming statutes. Failure to abide by these conditions precedent legally precludes Plaintiffs from asserting claims against Defendants Groathouse and Travelers.

In light of the above, Defendants Groathouse and Travelers intend to file a motion changing venue, a motion to dismiss, a motion for summary judgment. Defendants expect these motions to be filed in the near future.

**4. UNDISPUTED**

**FACTS**

The following facts are undisputed:

1. The Plaintiffs worked for Defendant Westco Framers, LLC ("Westco"). The parties dispute whether the Plaintiffs worked as employees or independent contractors.
2. Defendant Gray is the single member and sole operator and manager of Westco.
3. Defendant Groathouse Construction, Inc. ("Groathous") was the principal contractor on a senior center building project for Sublette County, Wyoming, in the city of Pinedale, Wyoming, (hereinafter the "Senior Center Project").
4. Westco was a subcontractor on the Senior Center Project.

5. Groathouse executed a bond or bonds for the Senior Center Project with Defendant Travelers Casualty and Surety Company of America acting as surety.

**5. COMPUTATION OF**

**DAMAGES**

**a. Plaintiffs:**

It will be necessary to ascertain how many hours were worked by each member of the Class in order to ~~do so~~ calculate damages. In order to do that, the Plaintiffs will need to review Defendants' discovery and disclosures and perhaps consult an expert. The Plaintiffs are able to identify the following categories of damages that they currently expect to demand. Plaintiffs reserve the right to demand additional damages as they better understand their claims through discovery and potentially with the help of an expert.

1. Actual and statutory damages for unpaid wages under state statutes and common law;
2. Unpaid minimum wage and overtime under Federal and State law;
3. Liquidated damages pursuant to the FLSA (29 U.S.C. §§ 201 *et seq*);
4. Costs;
5. Attorney's fees;
6. Prejudgment and post-judgment interest, when allowable by law; and
7. Such other relief as this Court deems just and proper.

**b. Defendants Gray and Westco:**

In the event Westco Defendants amend their Answer to include cross-claims against Groathouse and Travelers, Westco Defendants will assert damages for the outstanding balance of the subcontract with Groathouse (believed to be approximately $126,955), plus interest, along with attorney fees recoverable under the terms of the subcontract.

Westco Framers may also assert counterclaims against plaintiffs for breach of contract and/or negligence related to their defective work at the subject project. The amount of these damages is currently unknown.

**c. Defendants Groathouse and Travelers:**

It has not yet been determined whether cross claims will be filed in this action. As a result, Defendant is not yet in a position to represent what, if any damages, they will be claiming.

**6. REPORT OF PRECONFERENCE DISCOVERY**
**AND MEETING UNDER FED.R.CIV.P. 26(f)**

a. Date of Rule 26(f) meeting. **6/15/15**

b. Names of each participant and party he/she represented.

**Edward Siegel and Alexander Hood for the Plaintiffs**

**Jodanna L. Haskins for Defendants Groathouse and Travelers**

**Thomas Kranz for Westco Defendants**

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**Plaintiffs have served disclosures.**

**Defendants Groathouse and Travelers are in the process of**

**preparing Rule 26(a)(1) disclosures and hope to have the same submitted to the parties by July 1, 2015.**

**Westco Defendants anticipate serving their initial Rule 26(a)(1) disclosures by June 29, 2015**

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**See Defendants' *proposed amendments above.***

e. Statement concerning any agreements to conduct informal discovery:

**The parties have not agreed to conduct any specific informal discovery at this time. However, during the discovery in this case if it appears to all counsel that informal discovery would be productive they will discuss and coordinate all such informal discovery.**

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

**Counsel agree to cooperate and will utilize a unified exhibit numbering system and reduce discovery and litigation costs where possible.**

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records

maintained in electronic form.

**The parties anticipate that there are pay records, emails, and other ESI in the possession custody or control of the respective parties that may be relevant to the claims and defenses in this case.**

i. steps the parties have taken or will take to preserve electronically stored information;

**The parties pledge in good faith to preserve all relevant electronically stored information through any trial in this case.**

ii. steps the parties have taken or will take to facilitate discovery of electronically stored information;

**The parties agree in good faith to disclose all relevant non-privileged electronically stored information.**

**iii.** limit the associated discovery costs and delay;

**The parties will disclose ESI in electronic format and, when practicable, in a format that is electronically searchable.**

**iv.** avoid discovery disputes relating to electronic discovery; and

**The parties agree to act in good faith to facilitate the discovery of all non-privileged ESI.**

**v.** address claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

**The parties will maintain electronically stored information that is relevant, but withheld due to privilege, through trial.**

Plaintiff will tender proposed FRE 502(d) order on or before July 7, 2015.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**The parties believe that ADR may be helpful in the future, but believe that it is necessary to conduct discovery and resolve legal issues first.**

## 7. CONSENT

**All parties have not consented to the exercise of jurisdiction of a magistrate judge.**

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

25 rogs + 10 depos for Πs
25 rogs + 10 depos for Wesko + Gray
25 rogs + 10 depos for Travelers + Brookhouse

**At this time, the parties do not request any modification to the presumptive limits.**

b. Limitations which any party proposes on the length of depositions.

**None. Each deposition will be limited to 7 hours per side.**

c. Limitations which any party proposes on the number ~~of interrogatories~~, requests for production, and/or requests for admission.

**~~At this time, the parties do not request~~ any modification**

25 rfps + 25 rfas 10 for each grp identified in 8(a) above.

**to the ~~presumptive limits.~~**

d. Other Planning or Discovery Orders

~~None.~~ See Order #14 at p. 2, section E. 1.

**9. CASE PLAN AND SCHEDULE**

a. Deadline for Joinder of Parties and Amendment of Pleadings:

**September 4, 2015**

**~~Defendants suggest this should be later.~~**

b. Discovery Cut-off:

**~~Plaintiffs suggest~~ December 8, 2015**

**~~Defendants suggest this should be moved to February 2016.~~**

Dispositive motion deadline: March 21, 2016

c. Class Certification Motion Deadline:

Plaintiffs suggest that **all Motions for Certification of a an FRCP 23 class and/or a FLSA collective class shall be filed on or before January 15, 2016**

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

**The Plaintiffs anticipate using the expert testimony of economists or accountants, or experts in a related field, to interpret the Defendants' payroll records and related business records. The Plaintiffs also anticipate using expert in any area of expertise utilized by Defendants.**

**Defendants Groathouse and Travelers anticipate the need for an expert in the field of employment practices. Defendants further anticipate rebuttal experts depending on those designated by Plaintiffs.**

**Westco Defendants anticipate retaining one or more experts, as appropriate, to rebut plaintiffs' anticipated experts.**

2. Limitations which the parties propose on the use or number of expert witnesses.

**Each ~~party~~ shall be limited to 3 experts.**

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~(Plaintiffs suggest~~ **9/4/2015**, ~~but Defendants disagree)~~.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~(Plaintiffs suggest~~ **10/23/2015**, ~~but Defendants disagree)~~.

e. Identification of Persons to Be Deposed:

**At this time, the parties have limited information and can identify few deponents other than the parties. As discovery progresses, the parties will identify the persons to be deposed and will work cooperatively together to**

**appropriately schedule all depositions on dates on which both the deponent and counsel for all parties are available.**

f. Deadline for Interrogatories: **All interrogatories must be served no later than 33 days prior to the discovery cut-off.**

g. Deadline for Requests for Production of Documents and/or Admissions: **All requests for production of documents and requests for admission must be served no later than 33 days prior to the discovery cut-off.**

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

As needed.

b. A final pretrial conference will be held in this case on June 1, 2016 at 10:30 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

**None.**

b. Anticipated length of trial and whether trial is to the court or jury.

**The parties are unable to estimate trial length before a decision on class certification and the size of the putative class is known.**

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

**None.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of

the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING

## ORDER

**This scheduling order may only be amended upon a showing of good cause.**

DATED at Denver, Colorado, this 1st day of July, 2015.

BY THE COURT:

[signature]
United States Magistrate Judge

APPROVED:

Attorney for Plaintiffs:
s/Alexander Hood
Alexander Hood
Edward Siegel
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Tel: (970) 343-4464
Fax: 303-957-2289
Email: ed@towardsjustice.org

Attorney for Defendants Westco and Gray:

s/Thomas Kranz
Thomas Kranz
Jung & Kranz, P.C.
1434 Spruce Street, Suite 100
Boulder, CO 80302
Tel: (720) 943-1095
Fax: (720) 726-8001
Email: thomas@legalrealty.com

Attorney for Defendants Travelers and Groathouse:

s/Jodanna Haskins
Jodanna L. Haskins
White & Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, Colorado 80202
Tel: (303) 296-2828
Fax: (303) 296-3131
Email: jhaskins@wsteele.com