IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00168-WJM-KLM

AARON ROJAS,
EDGAR TEJADA,
IVAN PAREDES,
ULISES CISNEROS,
ADOLFO RIOS, and
HUGO BUENA RODRIGUEZ,
JESUS ENRIQUEZ REYES, and those similarly situated,

    Plaintiffs,

v.

WESTCO FRAMERS LLC,
DUSTY GRAY,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and
GROATHOUSE CONSTRUCTION, INC.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to Amend Complaint Pursuant to F.R.C.P. 15(a) and for Amended Complaint to Relate Back to Original Pleading Pursuant to F.R.C.P. 15(c)** [#33][1] (the "Motion"). Defendant Westco Framers, LLC and Defendant Dusty Gray did not file a Response. Defendant Travelers Casualty and Surety Company of America and Defendant Groathouse Construction, Inc. filed a Response [#39] in opposition to the Motion [#33]. Plaintiffs filed a Reply [#42]. The Scheduling Order [#36] governing this case provides that the deadline for joinder of parties

---

[1] "[#33]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

and amendment of pleadings was September 4, 2015.  Accordingly, Plaintiffs' Motion was timely filed.

In the Amended Complaint [#15] filed on March 5, 2015, Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), the Colorado Trust Fund Act, and Wyo. Stat. Ann. §§ 16-6-112, 27-4-401, and 8-4-101, as well as a claim for breach of contract and quasi contract.  The proposed Second Amended Complaint [#33-1] seeks to amend the Amended Complaint [#15] primarily to add two additional plaintiffs, Guillermo Vasquez ("Mr. Vasquez") and Mario Alvidrez ("Mr. Alvidrez").  *Motion* [#33] at 2.  According to Plaintiffs, the proposed Second Amended Complaint "adds no new claims and merely adds two new Plaintiffs [who] allege they worked alongside the existing Plaintiffs and suffered from the same injuries.  Moreover, the new Plaintiffs were members of the putative F.R.C.P. 23 and FLSA collective action classes that existed in the original complaint, and now merely switch roles to named Plaintiffs."  *Id.* at 4-5.

The Court has discretion to grant a party leave to amend its pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend the complaint.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims

asserted in the] amendment." *Id.* (quotation omitted).

First, Defendants argue that Plaintiffs' Motion is untimely. *Response* [#39] at 3. However, as noted above, Plaintiff's motion was timely filed before the deadline for joinder of parties and amendment of pleadings. Rather, the timing inquiry under Fed. R. Civ. P. 15(a)(2) is whether Plaintiffs unduly delayed in seeking leave to amend. *See Foman*, 371 U.S. at 182. Delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party. *Minter*, 451 F.3d at 1205. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend may have been unduly delayed if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

Defendants assert that Mr. Vasquez and Mr. Alvidrez retained Plaintiffs' counsel in April 2015, but that Plaintiffs' counsel did not inform Defendants' counsel of this and the proposed amendment to add them to the Amended Complaint until June 17, 2015. *Response* [#39] at 3. Defendants are correct that the Court may deny leave to amend if the movant "knows or should have known of the facts [or parties] upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023,1027 (10th Cir. 1994). However, this argument ignores the fact that "[t]he Federal Rules reject the approach that pleading is a game of skill in which

one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  Here, the delay was not so egregious as to allow the Court to find that it was undue, given that the Scheduling Conference was not held until July 1, 2015, and the deadline for joinder of parties and amendment of pleadings was not until September 4, 2015.

Second, Defendants argue that allowing amendment of the Amended Complaint [#15] will unduly prejudice them.  *Response* [#39] at 3-4.  They argue that Wyo. Stat. Ann. § 16-6-113 "requires notice to Defendants prior to bringing suit." *Id.* at 3.  Regardless of the accuracy of this statement, which is clearly more of a futility argument (as later argued by Defendants and discussed by the Court below), Defendants do not identify any cogent reason why they will suffer prejudice from the addition of two named Plaintiffs, whether undue or otherwise.  Thus, the Court cannot find that amendment should be denied on the basis of undue prejudice.

Third, Defendants argue that allowing amendment of the Amended Complaint [#15] is futile with respect to Wyo. Stat. Ann. § 16-6-113.  *Response* [#39] at 4-7.  This statute provides:

> Contractor's bond or other guarantee; right of action; notice to obligee; intervention by interested parties; pro rata distribution.  Any person entitled to the protection of a bond or other form of guarantee approved by the state or any political subdivision under W.S. 16-6-112, may maintain an action for the amount due him.  He shall notify the obligee named in the bond or other guarantee of the beginning of the action, giving the names of the parties, describing the guarantee and stating the amount and nature of his claim.  No judgment shall be entered in the action within thirty (30) days after the giving of the notice.  The obligee or any person having a cause of action may on his motion, be admitted as a party to the action.  The court shall determine the rights of all parties to the action.  If the amount realized on the bond or other guarantee is insufficient to discharge all claims in full, the amount shall be distributed among the parties pro rata.

The parties do not address the applicability of the Wyoming statute, which on its face applies to actions by "any person entitled to the protection of a bond or other form of guarantee approved by the state or any political subdivision," to this case. The Court is not required to address arguments not raised by the parties. *See, e.g., Continental Materials Corp. v. Affiliated FM Ins. Co.*, No. 10-cv-02900-JLK-KLM, 2012 WL 4442743, at *7 (D. Colo. Sept. 26, 2012). Accordingly, the Court assumes without deciding that the Wyoming statute is applicable here.

Defendants argue that amendment of the Amended Complaint is futile because Fed. R. Civ. P. 15(c)(1)(A) only permits relation back "when applicable statutes of limitation provisions specifically permit the same" and that the new Plaintiffs' claim is otherwise barred by the statute of limitations. *Response* [#39] at 5. Because Wyo. Stat. Ann. § 16-6-113 and related statutes do not specifically reference relation back, they argue, relation back is not permitted. *Id.* However, Defendants' argument lacks merit. The standard for relation back when a pleading seeks to add new plaintiffs whose claims will relate back to the filing of an earlier pleading is unrelated to statutory language. According to Wright, Miller, and Kane:

> Although Rule 15(c) does not expressly apply to a new pleading adding or dropping plaintiffs, the Advisory Committee Note to the 1966 amendment of the rule indicates that the problem of relation back generally is easier to resolve in this context than when it is presented by a change in defendants and that the approach adopted in Rule 15(c) toward amendments affecting defendants extends by analogy to amendments changing plaintiffs. As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading.

Courts deciding whether to allow amendments changing plaintiffs to relate

> back to the filing of the original complaint seem to concentrate on the notice and identity-of-interest factors as they do in the case of amendments changing defendants. Relation back thus will be permitted unless the court finds that defendant did not have adequate notice or that the new and the existing plaintiffs did not share a sufficient identity of interest. . . .
>
> [A]n amendment that seeks to add a new plaintiff who asserts an entirely different claim will not relate back . . . . As long as the original complaint gives defendant adequate notice, an amendment relating back is proper even if it exposes defendant to greater damages.

6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.) (footnotes omitted). In the present case, Plaintiffs asserted a claim under Wyo. Stat. Ann. § 16-6-113 in the Amended Complaint [#15] at 11. Defendants do not argue that the "new" claim by Mr. Vasquez and Mr. Alvidrez does not arise from "the conduct, transaction, or occurrence set forth" in the prior pleading. *See* 6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.). Accordingly, the Court finds that relation back is permitted under these circumstances.

Defendants next argue that, even if relation back is otherwise permitted, the claim fails because they were not provided with proper notice of the claims of Mr. Vasquez and Mr. Alvidrez under this statute. *Response* [#39] at 6. The relevant part of the statute provides that the plaintiff "shall notify the obligee named in the bond or other guarantee of the beginning of the action, giving the names of the parties, describing the guarantee and stating the amount and nature of his claim. . . . The obligee or any person having a cause of action may on his motion, be admitted as a party to the action." Wyo. Stat. Ann. § 16-6-113. Although the statute mandates notice to a defendant-obligee "of the beginning of an action," along with certain other information, there is no such notification provision for a person to be added to the action after its initiation.[2] Rather, the statute only mandates that

---

[2] Although the argument is unclear, Defendants may be arguing that the initial notice of the suit by all Plaintiffs does not comply with Wyoming law. *See Response* [#39] at 6. To the extent they do so, the Court notes that Defendants have presented no evidence in support and do not direct the Court's attention to any part of the proposed Second Amended Complaint where

-6-

a motion be filed in order to add parties to an action after it has been initiated, as Plaintiffs have done here.³  *See generally Motion* [#33]; Wyo. Stat. Ann. § 16-6-113 ("The obligee or any person having a cause of action may on his motion, be admitted as a party to the action.").  Accordingly, the Court finds that Defendants' futility argument is without merit.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#33] is **GRANTED**.  The Clerk of the Court shall accept Plaintiff's Second Amended Complaint [#33-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. (a)(3).

DATED: October 21, 2015    BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

Plaintiffs' allegations unequivocally demonstrate that they failed to meet the applicable statute of limitations.

³ The parties have not directed the Court's attention to any legal authority interpreting this provision, and the Court has found none.  However, "[w]hen the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction."  *Robert L. Kroelein Trust ex rel. Alden v. Kirchhefer*, __ P.3d__, __, 2015 WL 5451707, at *7 (Wyo. Sept. 17, 2015) (citation omitted).  Here, the Court finds that "the words used convey a specific and obvious meaning."  *See also Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991) (stating that remedial statutes "are to be liberally construed to achieve their remedial purpose").