**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0168-WJM-KLM

AARON ROJAS,
EDGAR TEJADA,
IVAN PAREDES,
ULISES CISNEROS,
ADOLFO RIOS,
HUGO BUENA RODRIGUEZ,
JESUS ENRIQUEZ REYES,
GUILLERMO VASQUEZ,
MARIO ALVIDREZ, and those similarly situated,

      Plaintiffs,

v.

WESTCO FRAMERS, LLC,
DUSTY GRAY,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and
GROATHOUSE CONSTRUCTION, INC.,

      Defendants.

---

**ORDER DENYING PLAINTIFFS' EARLY MOTION FOR
PARTIAL SUMMARY JUDGMENT**

---

      Aaron Rojas, Edgar Tejada, Ivan Paredes, Ulises Cisneros, Adolfo Rios, Hugo

Buena Rodriguez, and Jesus Enriquez Reyes (collectively, "Plaintiffs"[1]) bring this action

against Defendants Westco Framers, LLC ("Westco"), Dusty Gray, Travelers Casualty

and Surety Company of America ("Travelers"), and Groathouse Construction, Inc.

---

[1] Guillermo Vasquez and Mario Alvidrez first entered this suit as plaintiffs through the
Second Amended Complaint (ECF No. 51) which was filed after the Early Motion for Summary
Judgment before the Court (ECF No. 41).  Vasquez and Alvidrez have not joined the Early
Motion for Summary Judgment.

("Groathouse") (collectively, "Defendants").  (ECF No. 51.)  Before the Court is Plaintiffs'

Early Motion for Partial Summary Judgment (the "Motion") against Travelers.  (ECF No.

41).  For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

The following relevant facts are undisputed, unless otherwise noted.  Defendant

Groathouse was the principal contractor on the Sublette County Senior Center Project

in Pinedale, Wyoming (the "Senior Center Project").  (ECF No. 41 ¶ 3.)  Defendant

Westco was a subcontractor on the Senior Center Project.  (*Id*. ¶ 4.)  Plaintiffs allege

that they performed construction labor on the Senior Center Project from roughly

October 2013 to some time in or around March 2014.  (*Id*. ¶ 1; ECF No. 51 ¶ 18.)

Plaintiffs allege that they performed this labor under contract with Westco.  (ECF No. 41

¶ 5; ECF No. 51 ¶ 12.)  Plaintiffs assert that they were not paid for some portion of the

hours they worked on the Senior Center Project.  (ECF No. 41 ¶ 2; ECF No. 51 ¶ 15.)

Groathouse executed a bond or bonds for the Senior Center Project, with Defendant

Travelers acting as surety, that guarantee(s) payment for labor performed on the Senior

Center Project.  (*Id*. ¶ 6.)

On January 23, 2015, six of the Plaintiffs commenced this suit against

Defendants.  (ECF No. 1.)  On March 5, 2015, Plaintiffs filed a First Amended

Complaint, adding Plaintiff Reyes.  (ECF No. 15.)  The First Amended Complaint

asserts claims for breach of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.,

unpaid amounts for labor pursuant to Wyoming Statutes § 16-6-113, failure to pay

prevailing wages pursuant to Wyoming Statutes § 27-4-401, willful withholding of wages

pursuant to Colorado Revised Statutes § 8-4-101, breach of fiduciary duty and civil theft

2

under the Colorado Trust Fund Act, breach of contract, and quasi contract.  (*Id*.)

On July 31, 2015, Plaintiffs filed the instant Motion against Travelers.  (ECF No. 41.)  Groathouse and Travelers filed a joint Response to the Motion on August 21, 2015.  (ECF No. 44.)  Plaintiffs filed a Reply to the Response on September 1, 2015.  (ECF No. 45.)  Westco and Dusty Gray do not oppose the Motion.  (ECF No. 43.)  On June 26, 2015, a Second Amended Complaint was filed for the sole purpose of adding two new plaintiffs to the case: Guillermo Vasquez and Mario Alvidrez.  (ECF No. 33 at 2; ECF No. 51.)

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

3

## III.  ANALYSIS

### A.      Plaintiffs' Claim Pursuant to Wyo. Stat. § 16-6-113

Plaintiffs are seeking partial summary judgment against Travelers.  (ECF No. 41

at 3.)  Plaintiffs only claim against Travelers in this suit is a statutory claim pursuant to

Wyoming Statutes § 16-6-113 (*see* ECF No. 51 at 11), which is the enforcement

mechanism for Wyoming's public works construction bond requirement:

> any contract entered into with the state, any county, city,
> town, school district or other political subdivision of the state
> for the construction, major maintenance or renovation of any
> public building or other public structure or for any public work
> or improvement and the contract price exceeds seven
> thousand five hundred dollars ($7,500.00), shall require any
> contractor before beginning work under the contract to
> furnish the state or any political subdivision, as appropriate,
> a bond or if the contract price is one hundred fifty thousand
> dollars ($150,000.00) or less, any other form of guarantee
> approved by the state or the political subdivision.

Wyo. Stat. § 16-6-112.  Bonds pursuant to § 16-6-112 "shall be . . . [f]or the use and

benefit of any person performing any work or labor . . . in the execution of the contract."

*Id.*

Groathouse executed a bond or bonds for the Senior Center Project and

Plaintiffs allege that this action was taken pursuant to § 16-6-112.  (ECF No. 41 at 2.)

Plaintiffs contend that a surety of a bond under § 16-6-112 guarantees the payment of

laborers and, therefore, Travelers must guarantee Plaintiffs' payment for their alleged

unpaid wages.  (*Id*. at 5–6.)  Plaintiffs bring this claim under § 16-6-113 which provides

that "[a]ny person entitled to the protection of a bond . . . under W.S. 16-6-112 may

maintain an action for the amount due him."  Plaintiffs argue that there is no genuine

issue of material fact pertaining to this claim and ask the Court to find Travelers liable

4

under the statute for the unpaid amounts.

**B.     Sufficiency of the Evidence**

In order to prevail on their claim under § 16-6-113, Plaintiffs must demonstrate

first that they are owed some amount for their labor on the Senior Center Project.  To

prove this, Plaintiffs only cite one document: the Declaration of Plaintiff Ivan Paredes.

(*See* ECF No. 41 ¶ 1–2; ECF No. 41-1.)  Paredes, through his Declaration, asserts that

he and the other Plaintiffs were not paid "for at least some of the hours" they worked on

the Senior Center Project.  (ECF No. 41-1 ¶ 5.)  Paredes further declares that he knows

this to be the case because the payments he received "did not compensate [him] for

every hour [he] worked" and he witnessed the same thing happening to other Plaintiffs.

(*Id*. ¶ 6–7.)  Lastly, Paredes declares that Dusty Gray met with the Plaintiffs as a group,

"at least twice," and informed them that Westco owed them money for their work.  (*Id*.

¶ 8.)

Travelers and Groathouse argue that the contents of the Declaration "merely

consist of Plaintiffs' allegations" which they have denied in their responsive pleadings.

(ECF No. 44-1 at 3, 6–7.)  Beyond that argument, Defendants provide no evidence to

contradict Plaintiffs' evidence on this issue.  (*See id*.)  Due to the lack of contrary

evidence, Plaintiffs contend that it is "undisputed" that Plaintiffs were not paid for some

of their work.  (ECF No. 41 at 2–3.)  However, "*even if no opposing evidentiary matter is*

*presented*" summary judgment must be denied if the evidence produced in support of

the motion is not sufficient for the moving party to meet its burden under Rule 56(c).

*Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002).  The moving party bears the

initial burden of demonstrating that "no genuine issue of material fact exists and that it is

entitled to summary judgment as a matter of law." *Id*. at 1194. "[N]o defense to an insufficient showing is required." *Id*. at 1195.

The evidence cited by Plaintiffs is limited to a declaration by one out of the seven individuals who bring this Motion. Paredes's statement that Westco "did not compensate [him] for every hour [he] worked" is a restatement of Plaintiffs' allegations. *Cypert v. Indep. Sch. Dist. No. I-050 of Osage Cnty.*, 661 F.3d 477, 481 (10th Cir. 2011) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings."). Moreover, Paredes's statements that Dusty Gray told Plaintiffs they were owed money and that Paredes witnessed other Plaintiffs "not get paid all they were owed," even if true, do not establish that Plaintiffs were not paid what they were owed at some later date.[2] (ECF No. 41-1 at 2.) *See also Dreiling v. Peugeot Motors of Am., Inc.*, 850 F.2d 1373, 1377 (10th Cir. 1988) ("[T]he trial judge must consider all the evidence in the light most favorable to the nonmoving party."). Additionally, Paredes states only that Plaintiffs would "*sometimes* all get paid at the same time and at the same location." (ECF No. 41-1 at 2 (emphasis added).) Therefore, Paredes' knowledge as to the money owed to the other Plaintiffs is possibly limited if Plaintiffs were also sometimes paid at different times and locations. Plaintiffs' evidence is therefore insufficient to demonstrate that no reasonable jury could find that Plaintiffs were fully paid for their work.

Furthermore, "a jury, as trier of fact, may reject even uncontradicted testimony where indicia of credibility . . . weigh against the sincerity or accuracy of the

---

[2] The dates and times of the meetings between Dusty Gray and Plaintiffs are not mentioned in Paredes's Declaration. (*See* ECF No. 41-1.)

6

recollection." *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo., on Nov. 15, 1987*, 720 F. Supp. 1467, 1488 (D. Colo. 1989).  Such indicia of credibility include the interest of the witness.  *Id.*  A reasonable jury could decide not to believe Paredes's statements because they are made by a person with interest in the case as one of the named Plaintiffs.  Even Dusty Gray—who supposedly told Plaintiffs they were owed money—has an interest in the suit as a Defendant who has filed a response stating his lack of opposition to the Motion.  (*See* ECF No. 52.)  Such lack of opposition is perfectly understandable: Gray is all too willing to shift the payment burden to Travelers.  But, for the same reason, a jury could rightly question his assertions.  Thus, a reasonable jury could choose to reject Plaintiffs' evidence and return a verdict in favor of Travelers.

Since the Court finds that a reasonable jury could return a verdict for Travelers, a genuine issue of material fact remains as to this claim.[3]  *See Dreiling*, 850 F.2d at 1377; *Anderson*, 477 U.S. at 248.  Accordingly, the Court cannot grant summary judgment as to this claim and must deny Plaintiffs' Motion.[4]

## C.     The Court's Practice Standards

---

[3] Although not cited by Plaintiffs in their Motion, the Court reviewed Plaintiffs' exhibit which includes their attorney's statement alleging the specific amounts of money that Plaintiffs are owed.  (ECF No. 41-2 at 36–37.)  The Court is not obligated to comb through the record and make a party's case for it by locating materials not referenced by that party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).  Regardless, without more support, the owed amounts presented by Plaintiffs' attorney are more unsubstantiated allegations which are insufficient to assist Plaintiffs in bearing their burden of proving no genuine issue of material fact.  *See Cypert*, 661 F.3d at 481.

[4] Travelers and Groathouse point out that discovery had not yet commenced at the time Plaintiffs' filed the Motion.  (ECF No. 44-1 at 7.)  However, Plaintiffs note that Travelers has not filed a Rule 56(d) declaration requesting that the Court allow discovery before ruling on the Motion.  (*See* ECF No. 45 at 6.)  Because the Court finds that Plaintiffs did not meet their burden of proving no genuine issue of material fact, the Court need not reach this issue.

The Court's Practice Standards provide that "each party shall be limited to the filing of a single motion for summary judgment."  WJM Revised Practice Standards III.E.2.  However, no later than 30 days after the entry of the initial scheduling order, parties are also permitted to file "one early motion for partial summary judgment."  *Id*.  That early motion must present "a substantial and well-supported argument for significantly reducing the claims or issues in the case."  *Id*.

Plaintiffs' Motion is an early motion for partial summary judgment and was filed within 30 days of the initial scheduling order.  (*See* ECF No. 41.)  Even so, the Motion concerns only one of Plaintiffs' seven claims and only one of the four Defendants in the suit.  (*See id*.; ECF No. 51.)  As such, the Court finds that the Motion does not present an argument for significantly reducing the claims or issues in the case.  Nevertheless, the Court's denial of this Motion is without prejudice.  Therefore, Plaintiffs are not precluded from renewing these arguments in a later motion for summary judgment filed at the conclusion of discovery.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' Early Motion for Summary Judgment (ECF No. 41) is DENIED.

Dated this 17th day of February, 2016.

BY THE COURT:

William J. Martínez
United States District Judge