**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 15-cv-00168-WJM-KLM

AARON ROJAS *ET AL.*

      Plaintiffs,

v.

WESTCO FRAMERS, LLC *ET AL.*

      Defendants.

---

# MOTION TO AMEND SCHEDULING ORDER [DOC. 36] TO ALLOW FOR MERITS DISCOVERY

---

### CERTIFICATE OF CONFERAL PURSUANT TO D.C.COLO.LCivR 7.1(A)

Plaintiffs conferred with Defendants prior to filing this Motion. Defendants Westco Framers and Gray <u>do not object</u> to this motion. Defendants Travelers and Groathouse <u>do object</u> to this motion.

The scheduling order currently in place is for class certification only. *See* Doc. 36 at 1 ("This scheduling order is for the purposes of class certification only."). The parties requested a short extension of the class discovery cutoff in order to schedule depositions of Defendants Gray and Westco. *See* Doc. 56 (extending class discovery deadline to 12/18/2015).

The parties have completed class discovery and fully briefed the class certification motion. *See* Docs. 60, 61, 63 (motion, response, and reply). Because that motion is still pending, Plaintiffs have not yet requested the status conference to consider further scheduling contemplated by the scheduling order for merits discovery. *See* Doc. 36 at 1 ("The Court will

1

hold a status conference following a final order on class certification to consider further scheduling."). The deadline for dispositive motions is March 21, 2016, but Plaintiffs have not yet had an opportunity to conduct merits discovery. *See* Doc. 36 at 11 (setting dispositive motion deadline).

Plaintiffs preferred approach is to open discovery for merits purposes until 4/29/2016 and to reset the dispositive motion deadline to 5/27/2015. Plaintiffs anticipate needing only limited additional discovery on merits (one or two depositions and modest paper discovery). Plaintiffs have already circulated proposed 30(b)(6) categories to Defendant Groathouse (the only 30(b)(6) Plaintiffs anticipate needing on the merits) and are consulting on dates in April to hold that deposition. Few individual depositions, if any, will be necessary. Plaintiffs do not believe they need to increase their discovery limits, which were set at 25 interrogatories, 25 requests for production, 25 requests for admission, and 10 depositions (all per side). *See* Doc. 36 at 10. However, Plaintiffs do request that they be entitled to use what is left of their limits on merits issues.

In the alternative, if the Court is hesitant to proceed on the merits while the motion for class certification is pending, Plaintiffs request a stay of proceedings pending the outcome of that motion.

As such, Plaintiffs request the following amendments to the existing scheduling order:

1. That discovery be permitted on the merits and that the parties be entitled to use any discovery requests remaining within the existing numerical limits on merits issues.

2. That the discovery cutoff for merits discovery be set for 4/29/2016.

3. That the dispositive motion deadline be moved from 3/21/2016 to 5/27/2016.

        Respectfully Submitted,

        s/Alexander Hood
        Alexander Hood
        Towards Justice
        1535 High St., Suite 300
        Denver, CO 80218
        Tel.: 720-239-2606
        Fax: 303-957-2289
        Email: alex@towardsjustice.org

        Attorney for the Plaintiffs

## Certificate of Service

I hereby certify that on 3/17/16, the above was filed using this Court's CM/ECF system, which caused all counsel of record to be served electronically pursuant to FRCP 5.

s/Alexander Hood
Alexander Hood
