**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 15-cv-00168-WJM-KLM

AARON ROJAS *ET AL.*;

      Plaintiffs,

v.

WESTCO FRAMERS, LLC *ET AL.*;

      Defendants.

---

**REPLY TO TRAVELERS' RESPONSE TO MOTION FOR PARTIAL SUMMARY**
**JUDGMENT AGAINST DEFENDANT WESTCO AND TRAVELERS**

---

**I.  RESPONSE TO STATEMENT OF ADDITIONAL MATERIAL FACTS**

1.     There were no additional material facts

**II.  INTRODUCTION**

In response to Plaintiffs Aaron Rojas, Edgar Tejada, Ivan Parades, and Hugo Buena

Rodriguez's (the "Moving Plaintiff's") motion for partial summary judgment on liability against

Defendant Travelers Casualty and Surety Company of America ("Travelers"), Travelers first

attempts to claim that there is a dispute of fact about whether Westco paid the Moving Plaintiffs

for their work on the Senior Center Project. There is not. Westco admits the Moving Plaintiffs

have not been paid in its discovery response, its deposition, and in response to the Moving

Plaintiffs' motion for summary judgment on liability for their contract claim against Westco. The

1

facts Travelers points to merely go to whether or not Westco made partial payments to the

Moving Plaintiffs, which might lessen damages. But they do not bear on Travelers' liability.[1]

Travelers next rehashes the same flawed legal arguments on Plaintiffs' Wyoming bond

claim that Travelers advanced in its cross-motion for summary judgment. These arguments fail

on the law. Because there is no dispute of fact that the Moving Plaintiffs continue to be owed

wages for their work on the Senior Center Project and that Travelers is legally liable for these

unpaid wages through the Wyoming Public Works Bond Statute, the Moving Plaintiffs' motion

should be granted as to Travelers, and the Court should grant summary judgment as to liability

on the bond claim.

## III.  ANALYSIS

**A.  There Is No Dispute of Fact That The Moving Plaintiffs Are Owed At Least Something
For Their Work On The Senior Center Project**

Westco admits that the Moving Plaintiffs were not paid at least something for their work

at the Senior Center Project and, rather than disputing that, raises two contract defenses to

payment. *See* Dkt. # 70 at 2 (admitting Moving Plaintiffs' fourth material fact that "there is no

dispute that the following Plaintiffs are owed at least the following amounts: Edgar Ramirez

Tejada, $1620; Hugo Buena Rodriguez $1081; Aaron Rojas, $1081; and Ivan Paredes, $1904").

This is consistent with Westco's Discovery response. Dkt. # 69-8 at 2-3 (Westco's discovery

response admitting amounts owed for these Plaintiffs on the Senior Center Project). It is also

consistent with Westco's deposition testimony in response to questions from its own lawyer.

_____

[1] The Plaintiffs contend they are owed significantly more than the admitted amounts, but that is
irrelevant to the instant motion which only asks for a determination as to liability.

Dkt. # 69-1, Westco 30(b)(6) at 115:18 to 116:2 (referencing discovery response) ("Q Mr. Gray, in the three -- in the last three to four years, on how many projects did WestCo Framers fall short in paying its framers? A None. Q With the exception of this project? A Yes. Q And any individuals affected by that shortcoming, are they identified in response to Interrogatory Number 1 … A Yes.").

There remains a dispute about whether Plaintiffs are owed all of the unpaid amounts reflected on their time sheets, or whether Westco made payments after the fact that reduced these amounts. *See* Dkt. # 69 at 2 (Material Facts 3-5); Dkt. # 70 at 2 (admitting Material Facts 3-5). But for the purposes of this motion, it is undisputed that the Moving Plaintiffs are owed at least something for their work on the Senior Center Project.

Travelers tries to twist the dispute between the time sheets and the admitted amounts owed into a dispute about whether Moving Plaintiffs are owed anything at all. Dkt. # 72 at 6-8. But partial payments made to some of the Plaintiffs are consistent with Westco's admissions that the moving Plaintiffs are still owed something. *Id.* Travelers questions whether the Moving Plaintiffs are among workers still owed after Westco's partial payments because at one point in the deposition Mr. Gray could not remember which of the Plaintiffs remained unpaid. *Id.* at 7. But later in his deposition, in identifying unpaid workers Mr. Gray referred to his interrogatory response where he detailed which Plaintiffs he admitted remained unpaid—*i.e.*, the Moving Plaintiffs. And in response to Plaintiffs' Motion, Mr. Gray's admits that Moving Plaintiffs remain unpaid.  Dkt. # 69-1, Westco 30(b)(6) at 115:18 to 116:2 (referencing discovery response admitting amounts owed to Moving Plaintiffs); Dkt. # 69-8 at 2-3 (Westco discovery response); Dkt. # 70 at 2 (admitting Material Facts 3-5).

Travelers next points to deposition testimony from Westco about the partial payments, attempts to claim that testimony could mean the Moving Plaintiffs were entirely paid, and even attempts to prove a positive with a negative: "Defendant Gray did not testify that the absence of 'entered' on a timesheet signified that the timesheet was <u>not</u> processed for payment, [sic] either." Dkt. # 72 at 8 (emphasis in original). By that logic, Mr. Gray's silence can create a factual dispute. But even putting that aside, Travelers admits that not all of the time sheets show "entered" and admits that, at best, the appearance of "entered" on a time sheet only means a check is processed for eventual payment, <u>not</u> that checks are actually issued. *Id.* 7-8. In the end, none of this is inconsistent with, and thus none of this creates a factual dispute about, Mr. Gray's narrative that some Plaintiffs were paid, but the Moving Plaintiffs are still owed something.[2]

## B. <u>Summary Judgment For Liability Should Enter On Moving Plaintiffs' Bond Claims Against Defendant Travelers</u>

Travelers next attempts to defeat summary judgment on the Moving Plaintiffs' bond claims on the same purely legal arguments that they advance in their cross-motion for summary judgment. Compare Dkt. # 68 at 15-22 with Dkt. # 72 at 8-13. All Plaintiffs, including the Moving Plaintiffs, responded to the cross-motion, including the portions regarding the bond claim. Dkt. # 75 at 17-22. Because there is no dispute of fact regarding these questions, Travelers' arguments on the bond claim raise a legal question for the Court. Moving Plaintiffs

---

[2] Plaintiffs of course dispute that any of these purported payments were made by Mr. Gray and that they are owed the amounts on the time sheets <u>and</u> unpaid overtime. However, for the purposes of summary judgment for liability, it is sufficient here that there is an absence of material fact that the Moving Plaintiffs are owed at least <u>something</u> for their work on the Senior Center Project.

therefore reply here with substantially the same arguments as appear in Plaintiffs' response to Travelers' cross-motion. *Id.*

## 1. No Pre-Suit Notice Is Required Under Wyo. Stat. § 16-6-121

Travelers' application of Wyo. Stat. § 16-6-121 is at best sloppy and at worst deceitful. Travelers claims that statute provides "that failure to give notice within 60 days after the date when labor is first provided is a waiver of protection under the bond." *See* Dkt. # 72 at 8. But its description of Wyo. Stat. § 16-6-121 conveniently omits the requirement that a notice be posted at the jobsite citing specifically to Wyo. Stat. § 16-6-121:

> (a) Any subcontractor or materialman entitled to the protection of a bond or other form of guarantee approved by the state or any political subdivision under W.S. 16-6-112 shall give notice of his right to that protection to the prime contractor. Failure to give notice to a prime contractor <u>who has complied with subsections (f) and (g) of this section</u> waives the subcontractor or materialman's protection under the bond or guarantee and waives any right to a lien for materials or services provided.
>
> ***
>
> (f) The prime contractor <u>shall post on the construction site a prominent sign citing this section</u> and stating that any subcontractor or materialman shall give notice to the prime contractor of a right to protection under the bond or guarantee and that failure to provide the notice shall waive the subcontractor or materialman's protection under the bond or guarantee and shall waive any right to a lien for materials or services provided.

Wyo, Stat. § 16-6-121(a), (f) (emphasis added).

In its cross-motion, Travelers seems to argue that despite omitting this requirement from their description of the statute, it has nevertheless met this posting requirement with its Exhibit C. *See* Dkt. # 68 at 16; Dkt. # 68-3 (Exhibit C). The obvious, and fatal, flaw of Travelers' attempt to invoke Wyo, Stat. § 16-6-121's notice protections based on Exhibit C, however, is that Wyo. Stat. § 16-6-121 requires posting a sign that specifically cites the statutory provision.

The notice Travelers seems to claim fulfills that requirement, Exhibit C, instead cites "WYOMING STATUTE 29-2-111." Dkt. # 68-3.

Here, Travelers has rightly abandoned that argument, but has still failed to come forward with evidence of <u>any</u> notice posted at the jobsite that comports with the requirements of Wyo. Stat. § 16-6-121(f). Since there is no evidence of such a notice being posted—indeed the only evidence is of an invalid notice—there is no evidence that the pre-suit notice requirement of Wyo. Stat. § 16-6-121 was triggered and there is thus no dispute of fact that Defendants' cannot claim the affirmative defense available to them under that statute.

## 2. Plaintiffs' Notice Under Wyo. Stat. § 16-6-113 Is Sufficient

It is undisputed that Plaintiffs provided notice under Wyo. Stat. § 16-6-113. *See* Dkt. ## 69-4 (April Notice); 69-5 (November Notice).[3]

Travelers' efforts to impute a timeliness standard into the notice requirement found in Wyo. Stat. § 16-6-113 must also fail. Read together, Wyo. Stat. §§ 16-6-112 and 16-6-113 provide broad protections without any of the exceptions that Travelers asks this Court to read into them. Wyo. Stat. Ann. § 16-6-112 provides:

> any contract entered into with the state, any county, city, town, school district or other political subdivision of the state for the construction, major maintenance or renovation of any public building or other public structure or for any public work or improvement and the contract price exceeds seven thousand five hundred dollars ($7,500.00), shall require any contractor before beginning work under the contract to furnish the state or

---

[3] Plaintiffs served a second notice after the Court permitted the amendment which added new Plaintiffs. Dkt. # 50. The only difference between the April and the November notices is that the new notice moved the new Plaintiffs names from the putative class list to the named plaintiff list. Compare dkt. ## 69-4 with 69-5.

> any political subdivision, as appropriate, a bond or if the contract price is
> one hundred fifty thousand dollars ($150,000.00) or less, any other form
> of guarantee approved by the state or the political subdivision.

Bonds pursuant to Wyo. Stat. Ann. § 16-6-112 "shall be … [f]or the use and benefit of any

person performing any work or labor … of any kind which were used in the execution of the

contract …." And, as Wyoming courts have clarified, all laborers on Wyoming public works

projects, even those not in contractual privity with the principal contractor, are protected by

Wyo. Stat. Ann. § 16-6-112 bonds. *See D & L BLDG. v. Maltby Tank & Barge*, 747 P. 2d 517,

519 (Wyo. 1987).

Wyo. Stat. § 16-6-113 provides a statutory cause of action for those protected by a Wyo.

Stat. § 16-6-112 bond. Wyo. Stat. Ann. § 16-6-113 states:

> Any person entitled to the protection of a bond or other form of guarantee
> approved by the state or any political subdivision under W.S. 16-6-112,
> may maintain an action for the amount due him. He shall notify
> the obligee named in the bond or other guarantee of the beginning of the
> action, giving the names of the parties, describing the guarantee and
> stating the amount and nature of his claim. No judgment shall be entered
> in the action within thirty (30) days after the giving of the notice.
> The obligee or any person having a cause of action may on his motion, be
> admitted as a party to the action. The court shall determine the rights of all
> parties to the action. If the amount realized on the bond or other guarantee
> is insufficient to discharge all claims in full, the amount shall be
> distributed among the parties pro rata.

The plain meaning of the statute requires nothing more than service of the notice 30 days

prior to entry of the judgment and provides only that a plaintiff "shall notify the obligee named

in the bond or other guarantee of the beginning of the action." Wyo. Stat. § 16-6-113. Plaintiffs

undisputedly met that requirement. They served notice, served within 3 months of this litigation

commencing. Travelers would have the Court re-write the statute by replacing "of" with "at" to

require Plaintiffs to provide Wyo. Stat. § 16-6-113 notice "<u>at</u> the beginning lawsuit." Nothing in

the language of the statute supports that interpretation.

Moreover, in Wyoming, remedial statutes such as this one "are to be liberally construed to achieve their remedial purpose." *Moncrief v. Harvey*, 816 P. 2d 97, 105 (Wyo. 1991). It is hard to see how importing Travelers' suggested arbitrary notice deadline would further the public works statute's purpose of ensuring payment for labor performed. *See Franzen v. Southern Surety Co.,* 246 P. 30, 33 (Wyo. 1926) (the purpose of the public works statute is "to provide for payment of the labor and material, furnished in connection with contracts entered into pursuant to such statutes.").

Finally, Travelers' proposed timing requirement is illogical. A plaintiff obviously cannot inform a defendant <u>of</u> the beginning of a lawsuit until <u>after</u> the lawsuit begins. Travelers therefore suggests that the statute's imposed time limit runs at some unclear point after the time that an action begins and before judgment. That is not what the statute intended. But even if it were, it is hard to see why Plaintiffs' notice would be untimely. Travelers claims the notice came four months after filing. Dkt. # 72 at 10 ("[the Plaintiffs] chose to sit on their notice for four months after they initiated this lawsuit"). That is incorrect, and apparently a typo. The action commenced on 1/23/2015 and the notices were served on 4/15/2015, <u>less</u> than three months later and before some parties had even appeared this litigation. Moreover, because Plaintiffs filed a fee waiver, the Marshals' regular course of business delayed service on some of the Defendants and delayed the start of the litigation after the Complaint was filed. *See* Dkt. # 22 (explaining issues with Marshals' service on Defendants Gray and Westco).

### 3. The Terms of the Bond Cannot Narrow Worker Rights Under the Law

Travelers also insists that the notice and venue provisions within the text of the bond

itself limit the Plaintiffs' right to recover under the bond. Dkt. # 72 at 11-13. However, such an application contradicts "the general rule that terms and conditions in a statutory bond that either expand liability from the statute or conflict with the statute are void." *First Am. Title Ins. Co. v. Western Sur. Co.*, 447 Fed. App'x 437, 442 (4th Cir. 2011). Indeed, in analyzing the Miller Act, the Federal version of Wyoming's public works bond statute, the Supreme Court held that "[t]he surety's liability on a Miller Act bond must be at least coextensive with the obligations imposed by the Act if the bond is to have its intended effect." *U.S. ex rel. Sherman v. Carter Constr. Co.,* 353 U.S. 210, 215-16 (1957).

Here, the notice and venue provisions in the bond conflict with the Wyoming statute by narrowing worker rights to recover from the bond. The Wyoming statute nowhere requires notice to the Contractor within ninety days after having last performed labor. Nor does the statute prevent the Workers from bringing their claims in any court of competent jurisdiction. Even if Plaintiffs could theoretically <u>waive</u> any of these rights provided under the bond statute, such waiver could only be effected through a bilateral contract. Groathouse cannot unilaterally narrow Plaintiffs' rights to prevent them from recovering for work on the Senior Center Project nor to limit Travelers' liability for unpaid wages.

**4. Travelers' Attempts to Impute Westco's Contractual Duties to Groathouse on Plaintiffs Must Fail.**

Travelers also attempts to use a purported lien waiver signed by Westco against the Moving Plaintiffs. Dkt. # 72 at 9. These arguments fail.

First, as Westco aptly points out, any waivers signed by Westco were for work for which Westco received payment, not for work for which Westco and Plaintiffs were not paid. Dkt. # 71 at 4 ("Any lien waivers signed by Westco that benefitted Groathouse was for work performed by

Westco and Plaintiffs prior to the date of the last payment."). In other words, the lien waivers do not apply to the unpaid work at issue here.

Moreover, nowhere does Travelers claim that any Plaintiffs signed a lien waiver. It is difficult to see why the signature of a third party should waive the Moving Plaintiffs' rights under a bond required by statute "[f]or the use and benefit of any person performing any work or labor … of any kind." Wyo. Stat. § 16-6-112. And Groathouse cannot contract with Westco to avoid any statutory liability Travelers might have to Plaintiffs. That would impermissibly undermine the purpose of the statute, which is designed to protect workers regardless of their privity with the principal contractor. *See D & L BLDG,* 747 P. 2d at 518 ("Appellants urge this court to construe § 16-6-112 narrowly so that the protection of a contractor's bond on a state public works project only benefits parties in direct contractual privity with the general contractor for the project. We decline this invitation and rely instead on the plain language of the statute.")

## IV.     CONCLUSION

For the forgoing reasons, the Moving Plaintiffs request that partial summary judgment for liability for their bond claim be entered against Defendant Travelers and for the Moving Plaintiffs.

 Dated: 4/28/16

                                              Respectfully Submitted,

                                              s/Alexander Hood_____
                                              Alexander Hood
                                              David Seligman
                                              Towards Justice
                                              1535 High St., Suite 300
                                              Denver, CO 80218
                                              Tel.: 720-239-2606
                                              Fax: 303-957-2289

Email: alex@towardsjustice.org

Attorney for the Plaintiff

**Certificate of Service**

I hereby certify that on 4/28/16, the above was filed using this Court's CM/ECF system, which caused all counsel of record to be served electronically pursuant to FRCP 5.

 s/ Alexander Hood
Alexander Hood
Attorney for the Plaintiffs