**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0168-WJM-KLM

AARON ROJAS,
EDGAR TEJADA,
IVAN PAREDES,
ULISES CISNEROS,
ADOLFO RIOS,
HUGO BUENA RODRIGUEZ,
JESUS ENRIQUEZ REYES,
GUILLERMO VASQUEZ,
MARIO ALVIDREZ, and those similarly situated,

      Plaintiffs,

v.

WESTCO FRAMERS, LLC,
DUSTY GRAY,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and
GROATHOUSE CONSTRUCTION, INC.,

      Defendants.

---

**ORDER DENYING DEFENDANTS TRAVELERS AND GROATHOUSE'S COMBINED
MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN
PART PLAINTIFFS ROJAS, TEJADA, PAREDES, AND RODRIGUEZ'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Aaron Rojas, Edgar Tejada, Ivan Paredes, Ulises Cisneros, Adolfo Rios, Hugo

Buena Rodriguez, Jesus Enriquez Reyes, Guillermo Vasquez, and Mario Alvidrez

(collectively, "Plaintiffs") bring this action against Defendants Westco Framers, LLC

("Westco"), Dusty Gray, Travelers Casualty and Surety Company of America

("Travelers"), and Groathouse Construction, Inc. ("Groathouse").  (ECF No. 51.)  Two

motions are before the Court: (1) Groathouse and Travelers' Combined Motion for

Summary Judgment (ECF No. 67); and (2) Plaintiffs Aaron Rojas, Edgar Tejada, Ivan

Paredes, and Hugo Buena Rodriguez's Motion for Partial Summary Judgment Against

Defendants Westco and Travelers (ECF No. 69).  For the reasons set forth below, the

Court denies Groathouse and Travelers' Motion in full and grants the Plaintiffs' Motion in

part.

## I.  BACKGROUND

The following relevant facts are undisputed, unless otherwise noted.  Defendant

Groathouse was the principal contractor on the Sublette County Senior Center Project

in Pinedale, Wyoming (the "Senior Center Project").  (ECF No. 41 ¶ 3; ECF No. 68 ¶ 2.)

Defendant Westco was a subcontractor on the Senior Center Project.  (ECF No. 41 ¶ 4;

ECF No. 68 ¶ 3.)  Defendant Dusty Gray was a member of Westco at the times relevant

to the suit.  (ECF No. 51 ¶ 7; ECF No. 52 ¶ 7.)

Plaintiffs allege that they performed construction labor on the Senior Center

Project from roughly October 2013 to some time in or around March 2014.  (ECF No. 41

¶ 1; ECF No. 51 ¶ 18.)  Plaintiffs performed this labor under hourly service contracts

with Westco.  (ECF No. 69 ¶ 2.)   Groathouse contends that Plaintiffs performed their

contractual duties under the supervision and control of Westco.  (ECF No. 68 ¶ 15.)

However, Plaintiffs assert that they worked under the direction of Mark Klein, a

Groathouse employee.  (ECF No. 75 at 12.)

Plaintiffs assert that they were not paid for some portion of the hours they worked

on the Senior Center Project.  (ECF No. 51 ¶ 15; ECF No. 69 ¶ 5.)  They also contend

that each Plaintiff worked overtime hours for which they were not compensated.  (ECF

No. 75 ¶ 32.)  Groathouse, as required by law, executed a payment bond and a

2

performance bond for the Senior Center Project—with Defendant Travelers acting as surety—which serve to guarantee payments related to the Senior Center Project.  (ECF No. 68 ¶ 23; ECF No. 69 ¶ 8.)

On January 23, 2015, six of the Plaintiffs commenced this suit.  (ECF No. 1.)  On March 5, 2015, Plaintiffs filed a First Amended Complaint, adding Plaintiff Reyes.  (ECF No. 15.)  The First Amended Complaint asserts claims for breach of the Fair Labor Standards Act, unpaid amounts for labor pursuant to Wyoming Statutes § 16-6-113, failure to pay prevailing wages pursuant to Wyoming Statutes § 27-4-401, willful withholding of wages pursuant to Colorado Revised Statutes § 8-4-101, breach of fiduciary duty and civil theft under the Colorado Trust Fund Act, breach of contract, and quasi contract.  (*Id.*)  On June 26, 2015, a Second Amended Complaint was filed for the sole purpose of adding two new plaintiffs to the case: Guillermo Vasquez and Mario Alvidrez.  (ECF No. 33 at 2; ECF No. 51.)

On March 21, 2016, Groathouse and Travelers filed their Motion for Summary Judgment against Plaintiffs.  (ECF No. 67.)  Plaintiffs filed a Response on April 14, 2016.  (ECF No. 75.)  Groathouse and Travelers filed a Reply to the Response on May 1, 2016.  (ECF No. 80.)  Westco also responded on April 11, 2016 (ECF No. 71), and Groathouse and Travelers replied on April 25, 2016 (ECF No. 76).

On March 21, 2016, Plaintiffs Rojas, Tejada, Paredes, and Buena Rodriguez filed their Motion for Summary Judgment against Westco and Travelers.  (ECF No. 69.)  Westco responded on April 11, 2016 (ECF No. 70), as did Travelers and Groathouse (ECF No. 72).  Plaintiffs replied to both Responses on April 28, 2016.  (ECF No. 78; ECF No. 79.)

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## III.  ANALYSIS

### A.    Groathouse and Travelers' Combined Motion for Summary Judgment

Plaintiffs bring a claim for breach of the Fair Labor Standards Act, 29 U.S.C. §§ 201–16 ("FLSA"), against Groathouse, and a claim under Wyoming Statutes § 16-6-113 against Groathouse and Travelers.  Groathouse and Travelers move for summary judgment as to both of those claims.  (ECF No. 67.)  For the purposes of the Court's discussion of this Motion, "Defendants" refers only to Defendants Groathouse and

Travelers.

Defendants provide three arguments why they should be granted summary judgment on the FLSA claim and six arguments why they should be granted summary judgment on the § 16-6-113 claim.  The Court will discuss Defendants' arguments as to each claim in turn.

        1.    <u>Plaintiffs' FLSA Claim Against Groathouse</u>

        a.    *Plaintiffs' Status as Employees*

The FLSA provides that employers must pay overtime compensation to covered employees who work more than forty hours in a week.  29 U.S.C. § 207(a)(1); *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004).  Plaintiffs cannot recover against Groathouse under the FLSA unless they can show that Groathouse was Plaintiffs' direct employer or that Groathouse and Westco were joint employers.  *See Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998); *Layton v. DHL Express, Inc.*, 686 F.3d 1172, 1177 (11th Cir. 2012).  Defendants argue that Groathouse was neither Plaintiffs' direct employer, nor their joint employer.  (ECF No. 68 at 7.)

Under the FLSA, an employee is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  "Employ" means to "suffer or permit to work."  29 U.S.C. § 203(g).  To determine whether an individual is an employee for purposes of the FLSA, the Court must apply the economic realities test, which focuses on "whether the individual is economically dependent on the business to which he renders service."  *Doty v. Elias*, 733 F.2d 720, 722–23 (10th Cir. 1984).  The Tenth Circuit has set out six factors for courts to consider in performing this test:

5

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Baker*, 137 F.3d at 1440.  Other courts of appeals have suggested further factors that might be relevant to the inquiry, including "whether the 'premises and equipment' of the employer are used for the work."  *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997).

Once findings of fact are made regarding the factors above, the Court must decide, as a matter of law, whether the individual is an "employee" under the FLSA. *Baker*, 137 F.3d at 1440.  No single factor is dispositive; instead the Court must use a totality-of-the-circumstances approach.  *Id.* at 1441.

As to the first factor, Plaintiffs and Defendants present significantly differing evidence as to the degree of control that Groathouse maintained over Plaintiffs' labor. According to Plaintiffs, an agent of Groathouse named Mark Klein controlled all of the work that Plaintiffs performed on the Senior Center project.  (ECF No. 75-1 ¶¶ 8–9.) Plaintiff Reyes stated in his affidavit that Klein would communicate instructions and daily assignments to Reyes, who would then communicate those assignments to the other workers.  (*Id.* ¶¶ 9–10.)  Reyes also asserted that Klein ordered the workers to shovel snow off of a roof and to build a fireplace.  (*Id.* ¶ 13.)  Klein purportedly directly supervised these tasks.  (*Id.*)

In contrast, Defendants contend that Westco had complete control over Plaintiffs' actions.  (ECF No. 68-1 ¶ 12.)  Ray McElwee of Groathouse stated in his affidavit that

6

Westco outlined Plaintiffs' daily tasks and that "Groathouse had no knowledge or participation in this in any fashion." (*Id*.) The Court finds that a genuine issue of material fact exists as to this factor.

Additionally, there is a dispute of fact as to the extent that Groathouse supplied equipment to Plaintiffs. Defendants argue that Groathouse supplied only a single forklift. (ECF No. 68-1 ¶ 13.) However, Plaintiffs contend that Groathouse provided other equipment, such as snow shovels, a tool to cut foam insulation, and a power drill. (ECF No. 75-3 ¶ 14.) Lastly, as to factor six, Defendants admit that Plaintiffs' framing work could be considered integral to Groathouse's construction business. (ECF No. 68 at 12.)

Because a trier of fact could make findings as to several of the factors of the economic realities test which would support the legal conclusion that Plaintiffs acted as employees of Groathouse, Defendants are not entitled to summary judgment. *See Lewis v. ASAP Land Express, Inc.*, 554 F. Supp. 2d 1217, 1226 (D. Kan. 2008); *see also Herr v. Heiman*, 75 F.3d 1509, 1513 (10th Cir. 1996) ("Under the [FLSA], even though the question of whether a worker is an independent contractor or an employee is a question of law, the existence and degree of each factor is a question of fact." (internal quotation marks omitted)).

b. *Groathouse's Status as a Joint Employer with Westco*

Given the Court's determination that a genuine issue of material fact exists as to whether Groathouse is Plaintiffs' direct employer, the Court need not discuss whether or not Groathouse is also a joint employer with Westco. Nevertheless, the Court notes that other circuits have applied a similar economic realities test in order to determine

7

whether an entity is a "joint employer." *See Layton*, 686 F.3d at 1177; *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71–72 (2d Cir. 2003).

In determining whether or not an employer is a "joint employer," courts have used many of the same factors outlined in *Baker*. *See, e.g., Layton*, 686 F.3d at 1177 (determining whether an entity is a joint employer by analyzing factors such as the entity's power to control and supervise the workers, the degree of permanency of the relationship between the parties, and whether the workers performed an integral part of the overall business); *see also Zheng*, 355 F.3d at 72. Therefore, the Court finds that a genuine issue of material fact also exists as to whether or not Groathouse is a joint employer with Westco.

        c.    *Plaintiffs' Assertions of Unpaid Overtime*

Defendants argue that Groathouse is entitled to summary judgment on the grounds that Plaintiffs fail to provide evidence that they worked in excess of forty hours per week and that they remain unpaid for that work. (ECF No. 68 at 13–15.) Defendants also claim that Plaintiffs have failed to provide evidence as to the actual number of hours they worked, as required by the Tenth Circuit. *See Handler v. Thrasher*, 191 F.2d 120, 122 (10th Cir. 1951). However, evidence in the record contradicts Defendants' assertions.

First, Plaintiffs provide time sheets with specific numbers of hours worked by each of the Plaintiffs. (ECF No. 69-2.) Several of those time sheets indicate that Plaintiffs worked in excess of forty hours in a given week. (*Id*. at 3–4, 6.) Second, Plaintiff Reyes stated that he maintained the time sheets for Plaintiffs and that "[a]ll of the workers usually worked more than 40 hours per week" and "were never paid

overtime." (ECF No. 75-1 ¶¶ 19–20.) Lastly, Westco—through Dusty Gray—admitted

that Plaintiffs never received overtime pay. (ECF No. 69-1 at 3, 29).

Given this evidence, a reasonable jury could find that Plaintiffs worked overtime

hours for which they were not paid. For these reasons, the Court denies Defendants'

Motion for Summary Judgment as to the FLSA claim against Groathouse.

2.   Plaintiffs' Wyoming Statutes § 16-6-113 Claim Against Groathouse and
     Travelers

Wyoming Statutes § 16-6-113 is the enforcement mechanism for Wyoming's

public works construction bond requirement:

> any contract entered into with the state, any county, city,
> town, school district or other political subdivision of the state
> for the construction, major maintenance or renovation of any
> public building or other public structure or for any public work
> or improvement and [for which] the contract price exceeds
> seven thousand five hundred dollars ($7,500.00), shall
> require any contractor before beginning work under the
> contract to furnish the state or any political subdivision, as
> appropriate, a bond or if the contract price is one hundred
> fifty thousand dollars ($150,000.00) or less, any other form
> of guarantee approved by the state or the political
> subdivision.

Wyo. Stat. § 16-6-112. Bonds pursuant to § 16-6-112 "shall be . . . [f]or the use and

benefit of any person performing any work or labor . . . in the execution of the contract."

*Id.*

Groathouse executed bonds for the Senior Center Project pursuant to

§ 16-6-112. (ECF No. 69-4 at 7–16.) Plaintiffs contend that a surety of a bond under

§ 16-6-112 guarantees the payment of laborers and, therefore, Travelers must

guarantee Plaintiffs' payment for their alleged unpaid wages. (ECF No. 51 ¶ 61.)

Plaintiffs bring this claim under § 16-6-113 which provides that "[a]ny person entitled to

the protection of a bond . . . under [Wyoming Statutes §] 16-6-112 may maintain an action for the amount due him." Defendants argue that there is no genuine issue of material fact pertaining to this claim and ask the Court to find that Groathouse and Travelers are not liable under the statute for the unpaid amounts.

>   a.   *Plaintiffs' Assertions of Unpaid Hours*

In order to prevail on their claim under § 16-6-113, Plaintiffs must demonstrate first that they are owed some amount of money for their labor on the Senior Center Project. Defendants argue that "it is undisputed that Plaintiffs Adolfo Rios, Ulises Cisneros, and Jesus Enriquez Reyes were paid for all their hours worked" on the Senior Center Project. (ECF No. 68 at 18.)

As the Court notes above, this is certainly not undisputed. Reyes and Cisneros each gave declarations stating that they are still owed money for their work. (ECF No. 75-1 ¶ 18; ECF No. 75-2 ¶ 16.) As mentioned above, Reyes declared that all of the Plaintiffs worked overtime hours. (ECF No. 75-1 ¶¶ 19–20.) And, again, Westco admitted that no overtime was paid to any of these Plaintiffs. (ECF No. 69-1 at 3, 29.)

Defendants argue that "[a] reasonable jury could find that at least some of the Plaintiffs were fully paid for their work." (ECF No. 68 at 18.) That is not the correct standard for summary judgment. As movants, Defendants are only entitled to summary judgment if no reasonable jury could find in favor of the non-movants. Here, a reasonable jury *could* find that each of the Plaintiffs worked overtime hours for which they were not paid. The Court therefore cannot grant summary judgment to Defendants on the question of unpaid overtime..

b.      *Plaintiffs' Notice Pursuant to Wyo. Stat. § 16-6-121*

Defendants argue that Plaintiffs did not provide notice in accordance with

Wyoming Statutes § 16-6-121 and therefore Defendants are entitled to Summary

Judgment on this claim.  (ECF No. 68 at 15.)  Section 16-6-121 states the following:

> [a]ny subcontractor or materialman entitled to the protection
> of a bond or other form of guarantee approved by the state
> or any political subdivision under [Wyoming Statutes §] 16-6-
> 112 shall give notice of his right to that protection to the
> prime contractor.  Failure to give notice to a prime contractor
> who has complied with subsections (f) and (g) of this section
> waives the subcontractor or materialman's protection under
> the bond or guarantee . . . . The notice shall be given no
> later than sixty (60) says after the date on which services or
> materials are first furnished.

Wyo. Stat. § 16-6-121(a)–(b).  Defendants contend that Plaintiffs did not give notice

within the required sixty days and therefore they have waived protection under the

bond.

Claimants are required to provide § 16-6-121 notice only when a contractor

complies with subsections (f) and (g) of the section.  *See* Wyo. Stat. § 16-6-121(a).

Subsection (f) requires the prime contractor to "post on the construction site a prominent

sign *citing this section* and stating that any subcontractor or materialman shall give

notice to the prime contractor of a right to protection under the bond or guarantee and

that failure to provide the notice shall waive the subcontractor or materialman's

protection under the bond or guarantee . . . ."  Wyo. Stat. § 16-6-121(f) (emphasis

added).

Defendants provide a photograph of the sign that Groathouse posted on the

construction site in an attempt to comply with subsection (f).  (ECF No. 68-4.)  Rather

than citing to Wyoming Statutes § 16-6-121, as is required by subsection (f),

Groathouse's sign cites to "Wyoming Statute 29-2-111." It is thus clear that

Groathouse failed to comply with subsection (f), and therefore Plaintiffs were not

required to provide notice under Wyo. Stat. § 16-6-121(a). Therefore the Court cannot

grant summary judgment to Defendants on the question of § 16-6-121 notice.

        c.     *Plaintiffs' Notice Pursuant to the Wyo. Stat. § 16-6-113*

Defendants argue that Plaintiffs failed to provide timely notice pursuant to

Wyoming Statutes § 16-6-113. Section 16-6-113 provides the following regarding

notice by a person bringing a claim under the statute:

> [The claimant] shall notify the obligee named in the bond or
> other guarantee of the beginning of the action, giving the
> names of the parties, describing the guarantee and stating
> the amount and nature of his claim. No judgment shall be
> entered in the action within thirty (30) days after the giving of
> the notice.

On its face, the statute requires that Plaintiffs provide notice to Groathouse "of

the beginning of the action" thirty days prior to any entry of judgment. Defendants

complain that Plaintiffs did not provide notice until April 15, 2015. (ECF No. 68 at 19.)

However, the Court sees no reason why Plaintiffs' notice should be considered

untimely.

Defendants seem to want the Court to read a notice requirement into the statute

that claimants must provide notice "at the beginning of the action" or perhaps sometime

soon thereafter. (*See* ECF No. 68 at 18–19.) Plaintiffs point out that notice "of the

beginning of the action" is not equivalent to notice "at the beginning of the action." (ECF

No. 75 at 20.) On its face, language requiring notice of the beginning of an action

contains no requirement as to when such notice must be given, whereas notice at the beginning of an action must be given when an action is initiated.  The Court finds Plaintiffs' construction of the statute more reasonable given that it follows the actual language and context of the statute.

Since no judgment was entered within thirty days of Plaintiffs' notice, their notice was timely.  As a result, the Court cannot grant summary judgment to Defendants on the question of § 16-6-113 notice.

d.      *Plaintiffs' Notice Pursuant to the Language of the Bonds*

Defendants next argue that they are entitled to summary judgment on this claim because Plaintiffs failed to comply with the notice and venue requirements of the payment bond itself.  (ECF No. 68 at 19–20.)  According to the payment bond, "Claimants, who do not have a direct contract with the Contractor" must furnish "a written notice of non-payment to the Contractor . . . within ninety (90) days after having last performed labor . . . included in the [c]laim."  (ECF No. 69-4 at 12.) Additionally, "[n]o suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is subject to the Construction Contract is located."  (*Id*. at 13.)

Neither party engages in a choice of law analysis as to which state's law governs interpretation of the terms of the payment bond.  This Court is exercising supplemental jurisdiction over this Wyoming state law claim.  (*See* ECF No. 51 ¶ 2.)  A federal court adjudicating state law claims must apply the forum state's choice of law principles. *Dang v. UNUM Life Ins. Co. of America*, 175 F.3d 1186, 1190 (10th Cir. 1999).  For matters involving the interpretation of a contract, Colorado follows the Restatement

(Second) of Conflict of Laws.  *See Wood Bros. Homes v. Walker Adjustment Bureau*,

601 P.2d 1369, 1372 (Colo. 1979).  Under the Restatement approach, the Court must

apply the law of the state with the "most significant relationship to the transaction and

the parties."  Restatement (Second) of Conflict of Laws § 188.  Where, as here, the

parties fail to make a legally effective choice of law, the Court should take into account:

> (a) the place of contracting,
>
> (b) the place of negotiation of the contract,
>
> (c) the place of performance,
>
> (d) the location of the subject matter of the contract, and
>
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties.

*Id*.

Given the lack of argument from the parties on how to balance these factors, the

Court concludes that the location of the subject matter of the contract and the residence

of the various parties are the most important in this matter.  The payment bond

concerns labor, materials, and equipment furnished for use in the performance of a

construction contract in Wyoming.  (ECF No. 69-4 at 11–12.)  All of the construction

work relevant to the payment bond was performed in Wyoming.  (*See* ECF No. 68 ¶¶ 2,

9, 20.)  Furthermore, Groathouse is a Wyoming corporation.  (ECF No. 68 ¶ 1.)

Therefore, Wyoming has the most significant relationship to the transaction and the

parties.  Accordingly, the Court concludes that interpretation of the payment bond's

terms are governed by Wyoming law.

Wyoming's public works construction bond statute previously contained a requirement that notice be given "within 90 days after . . . performing the last item of work." *See Franzen v. Southern Surety Co.*, 35 Wyo. 15, 38 (Wyo. 1926). But, the current version of § 16-6-113 contains no notice or venue requirements outside of those discussed in the previous section of this order. Thus, Plaintiffs argue that these notice and venue limitations improperly narrow Plaintiffs' rights under the statute. (ECF No.75 at 21.)

Wyoming law allows a court to void contract terms that contravene the public policy of the state. *See Combs v. Sherry-Combs*, 865 P.2d 50 (Wyo. 1993). There is, however, some reluctance to void agreed-upon provisions of contract. *See Nuhome Investments, LLC v. Weller*, 81 P.3d 940, 944 (Wyo. 2003). Nonetheless, in this case, Plaintiffs were not a party to the bond contract and therefore lacked the power to either protect or waive their statutory rights through the contracting process.

The Court holds that the public policy of the State of Wyoming protects the rights of claimants under § 16-6-112 and § 16-6-113. First, the statutory bonds under § 16-6-112 exist "*for the use and benefit* of any person performing any work or labor" (emphasis added) in the execution of a contract between a contractor and the government. Given such language, the conclusion is inescapable that this is a remedial statute. In Wyoming, remedial statutes "are to be liberally construed to achieve their remedial purpose." *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991). Furthermore, under the federal version of § 16-6-112—the Miller Act—a surety's liability on a bond "must be at least coextensive with the obligations imposed by the Act if the bond is to have its intended effect." *United States ex rel. Sherman v. Carter*, 353 U.S. 201,

15

215–16 (1957).  In the case at hand, the notice and venue requirements of the bond contract do not exist in the statute, and therefore Plaintiffs' rights under the bond are not coextensive with the statute.

The Wyoming Supreme Court has also recognized the expansive nature of the protections created by § 16-6-112.  In *D & L Building Inc. v. State ex rel. Maltby,* 747 P.2d 517, 519 (Wyo. 1987), the Wyoming Supreme Court held that § 16-6-112 was not limited to protecting only those claimants in privity of contract with the general contractor.  In doing so, the Wyoming Supreme Court contrasted the language of § 16-6-112 with the language of the Miller Act.  *Id*. at 519.  The court held that "[h]ad the legislature intended to limit the class of persons who benefit under § 16-6-112 contractor's bonds the way federal statutes do, they could have adopted the express language of the federal statutes."  *Id*.  This is significant because the Miller Act contains a ninety day notice requirement akin to the Defendants' bond contract.  *Id*. at 519 n.3.  Applying the Wyoming Supreme Court's reasoning from *D & L Building*, if the Wyoming legislature intended to limit claimants' ability to recover to only those claims which are noticed within a certain time, it could have adopted the notice requirement of federal statutes.  Not only did the legislature not adopt a notice requirement, it affirmatively chose to remove that requirement  from an older version of the statute.

In light of these authorities, the Court recognizes a public policy in favor of the expanded availability of protections under § 16-6-112.  To allow a contractor and surety to impose more strenuous notice and venue requirements on claimants would significantly decrease the availability and value of the statute's protections.  Such

limitations would make it much too easy for parties to contract around the protections of the statute, and in so doing prevent the statute from achieving its remedial purpose.

Accordingly, the Court concludes that it has no option but to void the portions of the payment bond contract between Groathouse and Travelers which implement notice and venue requirements not present in the statute.  Therefore, the Court will not grant summary judgment on this basis.

       e.     *Westco's Waiver of Liens*

Defendants argue that they are entitled to summary judgment on this claim because Dusty Gray signed two "Subcontractor's Waiver of Labor, Material and/or Equipment Liens."  (ECF No 68 at 17.)  Defendants contend that when Westco signed the waivers, it waived any protection under the bond for Plaintiffs.  (*Id*.)

The waivers signed by Dusty Gray apply to all work completed on the Senior Center Project through December 6, 2013.  (ECF No. 68-8 at 3–4.)  However, Plaintiffs continued to work on the Senior Center Project through March 2014, including weeks in which Plaintiffs worked overtime.  (ECF No. 69-2 at 3–9.)  Plaintiffs contend that they were not paid for all of the hours they worked, and more specifically that they were not paid for any overtime hours.  (ECF No. 75-1 ¶¶ 19–20.)  Westco agrees that Plaintiffs were not paid for overtime.  (ECF No. 69-1 at 29.)

Even if the signed waivers did waive Plaintiffs' protections under the bond through December 6, 2013, a reasonable jury could find that Plaintiffs were not paid for labor that occurred after December 6, 2013.  Therefore, the Court cannot grant summary judgment to Defendants on the question of the signed waivers.

f.      *Westco's Alleged Breach of the Subcontract*

Lastly, Defendants argue that they are entitled to summary judgment on this claim because Westco breached its subcontract agreement with Groathouse.  (ECF No. 68 at 21.)  According to Defendants, Westco breached when it failed to pay Plaintiffs and therefore Groathouse is excused from its liabilities under the contract.  (*Id*. at 21–22.)

If one party materially breaches a contract, the injured party is not obligated to perform its promises under the contract.  *Applied Genetics Int'l, Inc., v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1244 (10th Cir. 1990) (citing Wyoming law); *see also* Restatement (Second) of Contracts § 237 (1981).  Nevertheless, the Court cannot determine whether any possible breach by Westco was material.  Such a determination is generally a question of fact, unless there is only one reasonable conclusion.  *See Federal Distribs., Inc. v. SFR, Inc.*, 166 F.3d 1074, 1086 (10th Cir. 1999); Richard A Lord, 23 Williston on Contracts § 63:3 (4th ed. May 2016 Update).  Here, the Court cannot definitively state that classifying Westco's failure to pay Plaintiffs as a material breach of the contract is the only reasonable conclusion one could reach.

Therefore, the Court cannot grant summary judgment on this basis.  For this  and all preceding reasons, Defendants' Motion for Summary Judgment is denied as to Plaintiffs' claim under Wyoming Statutes § 16-6-113.

**B.      Plaintiffs Rojas, Tejada, Paredes, and Buena Rodriguez's Motion for Partial Summary Judgment Against Defendants Westco and Travelers**

Plaintiffs bring a claim for breach of contract against Westco, and a claim under Wyoming Statutes § 16-6-113 against Groathouse and Travelers.  Plaintiffs Aaron

Rojas, Edgar Tejada, Ivan Paredes, and Hugo Buena Rodriguez move for summary

judgment as to those two claims.[1]  (ECF No. 69.)  For the purposes of the Court's

discussion of this Motion, "Plaintiffs" refers only to Plaintiffs Rojas, Tejada, Paredes, and

Buena Rodriguez.

      1.   <u>Plaintiffs' Breach of Contract Claim Against Westco</u>

Plaintiffs bring a claim for breach of contract against Westco.  (ECF No. 51 at

14.)  Plaintiffs allege that they performed under the contracts by performing construction

services on the Senior Center Project.  (*Id*. at 15.)  However, Plaintiffs allege that

Westco breached the contracts by not paying Plaintiffs for all of the hours they worked.

(*Id*.)

Plaintiffs move for summary judgment on this claim.  (ECF No. 69 at 5.)  Plaintiffs

and Westco agree that Plaintiffs had contracts to perform construction work for Westco.

(ECF No. 69 ¶ 2; ECF No. 69-8 at 3–4; ECF No. 70 at 2.)  Plaintiffs and Westco also

agree that Plaintiffs were not paid for all of the construction work that they performed.

(ECF No. 69 ¶ 3; ECF No. 69-8 at 3–4; ECF No. 70 ¶ 3.)  Nevertheless, Westco argues

that it has not breached its contracts with Plaintiffs.

Westco claims that its contracts with Plaintiffs contained "pay-if-paid" clauses that

excused Westco's obligations under the contracts if they were not paid by Groathouse.[2]

---

[1] Although Plaintiffs bring their § 16-6-113 claim against both Groathouse and Travelers, these four Plaintiffs do not seek summary judgment against Groathouse.  (ECF No. 69 at 5.)

[2] Westco does not include a choice of law analysis regarding which state's law should be used to interpret the contracts.  However, in making its argument that the contracts contained "pay-if-paid" clauses, Westco cites only *R.N. Robinson & Son, Inc. v. Ground Improvement Techniques*, 31 F. Supp. 2d 881, 886–87 (D. Colo. 1998) (recognizing the existence of "pay-if-paid" clauses under Colorado law).  (ECF No. 70 at 5.)  Plaintiffs agree that Colorado law applies in interpreting the contracts.  (ECF No. 79 at 3 n.2.)  Therefore the Court

(ECF No. 70 at 5.)  For the purposes of this motion, Plaintiffs admit that Groathouse

paid Westco only $97,526.87 out of a total contract price of $356,000.00.  (ECF No. 70

¶ 2; ECF No. 79 ¶ 2.)  Dusty Gray stated that Groathouse last paid Westco in December

of 2013 and failed to pay Westco for any additional work that it performed through

March 18, 2014.  (ECF No. 71-1 ¶ 11.)  Thus, Westco contends that it is not obligated to

pay Plaintiffs for the hours for which they remain unpaid.

 Under Colorado law a "pay-if-paid" clause creates a condition precedent to

payment rather that a promise to pay.  *Main Elec., Ltd. v. Printz Servs. Corp.*, 980 P.2d

522, 523–26 (Colo. 1999).  The Colorado Supreme Court held that the following test

applies to the creation of "pay-if-paid" clauses:

> To create a pay-if-paid clause in a construction contract, [1]
> the relevant contract terms must unequivocally state that the
> subcontractor will be paid only if the general contractor is
> first paid by the owner and [2] set forth the fact that the
> subcontractor bears the risk of the owner's nonpayment.[3]

*Id*. at 527.

 In *Printz*, the Colorado Supreme Court found no "pay-if-paid" clause was created

by an assertion that "the general contractor will pay its subcontractor provided like

payment shall have been made by owner to contractor."  *Printz*, 980 P.2d at 527.  The

Court found that clause "contains no specific language creating a contingency that must

occur before payment must be made by the general contractor."  *Id*.

___

will interpret the contracts and any potential "pay-if-paid" clauses under Colorado law.

 [3] In *Printz*, the Colorado Supreme Court interpreted a contract between a general and subcontractor to determine whether the owner's payment to the general was a condition precedent to the general's performance.  *See id*.  In the case at hand, the same test applies with Plaintiffs, Westco, and Groathouse substituting for the subcontractor, general contractor, and owner respectively.

In contrast, Dusty Gray asserts that the contracts with Plaintiffs explicitly contained such a condition precedent to payment.  In his affidavit, Dusty Gray asserted that all of the contracts between Plaintiffs and Westco were verbal contracts.  (ECF No. 71-1 ¶ 7.)  According to Gray, when Plaintiffs negotiated with Westco, "all parties understood that Plaintiffs' payments were strictly contingent on Westco first being paid by Groathouse.  In other words, Groathouse's payment to Westco was a verbal condition precedent to Westco's payment obligations to Plaintiffs.  If the condition was not met, Westco would have no obligation to pay Plaintiffs, even in a reasonable time . . . ."  (*Id*. ¶ 8.)  If a jury accepted Gray's testimony in this respect, the verbal language of those contracts (1) unequivocally created a condition precedent to Plaintiffs payment from Westco and (2) made it clear that Plaintiffs bore the risk of Groathouse's nonpayment.  Such language would create a "pay-if-paid" clause in the contracts and excuse Westco from performance, given that Westco and Plaintiffs agree that Westco was not paid in full by Groathouse.

Plaintiffs contend that they were never told that they would bear the risk if Groathouse did not pay.  (ECF No. 75-1 ¶ 6; ECF No. 75-2 ¶ 6.)  Nevertheless, a genuine issue of material fact exists.  A reasonable jury could find that the contracts contained a verbal clause as articulated by Dusty Gray.  Accordingly, the Court finds that a genuine issue of material fact remains as to whether or not pay-if-paid clauses existed in Plaintiffs' contracts with Westco.   Accordingly, the Court denies Plaintiffs' Motion for Summary Judgment as to the contract claim against Westco.

2.      Plaintiffs' Wyoming Statutes § 16-6-113 Claim Against Travelers

Plaintiffs are seeking partial summary judgment against Travelers.  (ECF No. 41

at 3.)  Plaintiffs only claim against Travelers in this suit is the statutory claim pursuant to

Wyoming Statutes § 16-6-113.  (*See* ECF No. 51 at 11).  Travelers and Groathouse

executed a payment bond to guarantee certain payments associated with its

construction contract on the Senior Center Project.  (ECF No. 69-4 at 11.)  According to

the bond, "[t]he Contractor and Surety, jointly and severally, bind themselves . . . to pay

for labor, materials, and equipment furnished for use in the performance of the

Construction Contract."  (*Id*.)  Plaintiffs argue that this bond language makes Travelers

liable for any unpaid work performed by Plaintiffs on the Senior Center Project.

Travelers does not argue that it is not obligated to cover unpaid wages under the

terms of the bond.  (*See* ECF No. 72.)  Instead, Travelers argues that there is a genuine

issue of material fact as to whether or not Plaintiffs are owed money for their labor.  (*Id*.

at 7.)  Plaintiffs and Westco agree that Plaintiffs are each owed some amount of money

for their labor.  (ECF No. 69 ¶ 5; ECF No. 69-8 at 4.)  Nevertheless, Travelers claims

that this is in dispute because Dusty Gray admitted to paying "additional monies" to

certain workers on the project.  (ECF No. 69-1 at 36.)

Evidence of these "additional monies" comes from Dusty Gray's deposition on

behalf of Westco and himself.  (*Id*.)  Yet, there is no evidence as to the amount of these

"monies," the dates of the payments, or to whom they were made.  Travelers contends

that this uncertainty creates an issue of material fact, because some of these monies

may have been paid to Plaintiffs and those monies may have been enough to cover the

entire amounts owed to Plaintiffs.  (ECF No. 72 at 6–7.)  However, in order to defeat

Plaintiffs' motion for summary judgment, Travelers must present an issue of fact which is *genuine*.  Travelers' mere speculation, without more, as to the nature and amount of these monies is not enough to create a genuine issue of material fact.  *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("To defeat a motion for summary judgment, evidence . . . must be based on more than mere speculation, conjecture, or surmise.").

Furthermore, in spite of those alleged payments of additional monies, Dusty Gray still articulated, in the same deposition, that none of the Plaintiffs were paid for any overtime work.  (ECF No. 69-1 at 29.)  He also verified the accuracy of the discovery disclosure stating the amounts owed to each Plaintiff.  (*Id*. at 33–34.)

Second, Travelers argues that any time sheet marked "Entered" may have been paid.  (ECF No. 72 at 7.)  However, even if that were true, each Plaintiff appears on time sheets not marked as entered.  (ECF No. 69-2 at 6, 8–9.)  Additionally, each Plaintiff is marked as working overtime on at least one un-entered time sheet.  (*Id*. at 8.)  As stated above, Westco has stated that Plaintiffs were not paid for any overtime.  (ECF No. 69-1 at 29.)  The Court finds that this issue also fails to raise a genuine issue of material fact.

Travelers makes four more arguments as to why Plaintiffs are not entitled to summary judgment as to liability.  Travelers argues (1) Plaintiffs failed to provide notice in accordance with Wyoming Statutes § 16-6-121; (2) Westco signed waivers of liens; (3) Plaintiffs failed to provide notice pursuant to Wyoming Statutes § 16-6-113; and (4) Plaintiffs failed to comply with the notice and venue requirements of the Bond itself.  (ECF No. 72 at 8–11.)  The first, third, and fourth of these additional arguments fail for

reasons set forth in the Court's analysis of Groathouse and Travelers' Motion for Summary Judgment.

As to Travelers argument regarding waivers of liens, Westco's signed waiver of liens only apply to work performed through December 6, 2013.  (ECF No. 68-8 at 1, 3.) According to the time sheets, Plaintiffs worked overtime hours after December 6, 2013 for which they were not paid.  (ECF No. 69-1 at 29; ECF No. 69-2 at 8.)  Furthermore, Plaintiffs move for summary judgment only as to liability.  The amount of Travelers' damages may be affected by these signed waivers of liens, but Plaintiffs remain unpaid for work performed after December 6, 2013.[4]  (*See* ECF No. 71-1 ¶ 10.)

Since the Court finds that no reasonable jury could return a verdict for Travelers on liability, no genuine issue of material fact remains as to this claim.  *See Anderson*, 477 U.S. at 248.  Plaintiffs unpaid wages are covered by the payment bond. Accordingly, the Court grants summary judgment against Travelers as to liability under this claim.  The amount of damages to which Plaintiffs are entitled is yet to be determined.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendants Groathouse and Travelers' Combined Motion for Summary

Judgment (ECF No. 67) is DENIED;

---

[4] In their Response to Plaintiffs' Motion, Travelers did not argue that it is excused from liability due to any alleged breach of contract by Westco.  (*See* ECF No. 72.)  Therefore, the Court will not address this argument.

2.      Plaintiffs Aaron Rojas, Edgar Tejada, Ivan Paredes, and Hugo Buena

Rodriguez's Motion for Partial Summary Judgment Against Defendants Westco

and Travelers (ECF No. 69) is GRANTED IN PART and DENIED IN PART as

follows:

a.      Summary Judgment is GRANTED in favor of Plaintiffs Aaron Rojas, Edgar

Tejada, Ivan Paredes, and Hugo Buena Rodriguez and against Travelers

on Plaintiffs' claim pursuant to Wyoming Statutes § 16-6-113; and

b.      Summary Judgment in favor of Plaintiffs Aaron Rojas, Edgar Tejada, Ivan

Paredes, and Hugo Buena Rodriguez is otherwise DENIED.

Dated this 14th day of June, 2016.

BY THE COURT:

_____

William J. Martínez
United States District Judge